469 So.2d 1200 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Howard HAVARD, Defendant-Appellant.
No. CR84-766.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*1201 Joseph Kutch, Alexandria, for defendant-appellant.
Asa A. Skinner, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
KING, Judge.
The issues presented by this appeal are whether or not the trial court was correct in denying defendant's Motion to Suppress evidence and whether or not the sentence imposed on the defendant was excessive.
Defendant, Howard Havard, (hereinafter Havard) was charged by Bill of Information with the crimes of simple burglary of an inhabited dwelling, in violation of La. R.S. 14:62.2, and felony theft, in violation of La.R.S. 14:67. Havard filed a Motion To Suppress physical evidence and statements and after an evidentiary hearing the Motion was denied by the trial court. Thereafter Havard pled guilty to the charge of felony theft and was sentenced to serve five years with the Louisiana Department of Corrections at hard labor reserving his *1202 right to appeal the adverse decision on his Motion To Suppress evidence. State v. Crosby, 338 So.2d 584 (La. 1976). Havard appeals urging two assignments of error as follow:
(1) The trial court erred by not excluding from evidence certain items of tangible evidence seized in violation of defendant's rights under Article 4 of the United States Constitution and Article I, Section 5 of the Louisiana Constitution of 1974, and certain statements directly derived from the initial illegal seizure; and
(2) The trial court erred in imposing a sentence which was excessive.
We find the assignments of error without merit and affirm.

FACTS
On November 28, 1983 Havard was arrested along with James Wilson and Mrs. Lera Stracener for burglarizing the residence of Jack Pippin in Vernon Parish, Louisiana, and committing a theft of certain items from the residence.
On November 28, 1983, the Vernon Parish Sheriff's Department received a call from Mr. Pippin in reference to a burglary and theft committed at his residence. After receiving from Mr. Pippin a description of the items allegedly stolen from his residence, and after obtaining information that the stolen items were believed to be at the Lera Stracener residence, Vernon Parish Sheriff's Deputies Charlie Burns, Jerry Willis and Detective Willard Horton proceeded with Mr. Pippin to the residence of Mrs. Lera Stracener. Detective Horton testified that upon arriving at the Stracener residence, he observed certain items in a car parked close to the front door of the residence that appeared to be some of those that were stolen. After knocking on the door of the residence, the deputies asked an unidentified person if Mrs. Stracener was home. Answering affirmatively, that person invited the deputies in and directed them to the room Mrs. Stracener was occupying. After identifying himself, Detective Horton advised Mrs. Stacener of the reason for his visit and explained what he was looking for. Detective Horton then asked Mrs. Stracener if he could search her residence and she voluntarily orally consented and began pointing out to him various items that had been stolen. Detective Horton also asked Mrs. Stracener if she owned the automobile parked out in front of her residence. Mrs. Stracener replied that it was her car and voluntarily orally consented to its search.
Upon unlocking the car, Havard was discovered sleeping inside on the front seat. Havard was awakened, removed from the vehicle and advised that he was a suspect in the burglary and theft committed in Mr. Pippin's residence. The deputies found a Panasonic radio, CB radio, and binoculars inside the car and a search of the trunk revealed a tire and rim and an assortment of canned goods, all of which were identified by Mr. Pippin as belonging to him and having been taken from his residence. Havard was then placed under arrest and advised of his rights by Deputy Burns. Havard then told the deputies that he knew where some of the other items were located and led the deputies to various other residences to recover other stolen property. On November 30, 1983 the defendant gave a voluntary statement to sheriff's deputies concerning his involvement in the burglary and theft.

ASSIGNMENT OF ERROR NUMBER 1
Havard contends that the trial court erred by not excluding from evidence certain items of tangible evidence seized in violation of his rights under Article 4 of the United States Constitution and Article I § 5 of the Louisiana Constitution of 1974, and certain statements directly derived from the initial illegal seizure.
Specifically, Havard urges that the consent to search given by Mrs. Stracener was forced, involuntary and illegal. Havard further states that as a result of this illegal search all items of evidence seized and all statements made thereafter should have been suppressed as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
*1203 Havard argues that the factual situation in this case is very similar to that in State v. Wolfe, 398 So.2d 1117 (La.1981) where the Louisiana Supreme Court reversed a trial judge's denial of defendant's motion to suppress based on an illegal warrantless search and seizure. We disagree. The issue in Wolfe was whether, under the Fourth Amendment, a law enforcement officer could illegally search for the subject of an arrest warrant in the home of a defendant without first obtaining a search warrant. In that case, sheriff's deputies, in possession of an arrest warrant for a young woman suspected of passing worthless checks, proceeded during the night to the defendant's apartment based on an informer's tip that the woman once resided there. After knocking on the apartment door which was opened by the defendant, the deputies asked the defendant if he minded them stepping inside to check the identity of the female whom the officers saw sitting on the sofa across the room. The defendant consented; however, at trial the deputies testified that, had the defendant refused, they would have entered the apartment anyway to check the female's identity. During this entry the officers seized drugs which the defendant sought to suppress. The Louisiana Supreme Court found that the defendant's consent, if it was given, was not valid to allow the deputies to enter his apartment and to permit a search and seizure. The defendant's subsequent voluntary consent to search was found to be an exploitation of the illegal entry.
In the case at bar, Vernon Parish Sheriff's Deputies were greeted at the door of the Stracener residence by an unidentified person. The deputies asked that person if Mrs. Stracener was home and were invited in to speak to her. After talking to Mrs. Stracener and advising her of the reason for their visit, the deputies told her they were looking for some items that were stolen from the residence of Jack Pippin. Detective Horton testified that upon being advised of the reason for the deputies' visit, Mrs. Stracener replied "yeah, some of the stuff is still here." The deputies then asked Mrs. Stracener if they could search her home and automobile to which she voluntarily orally consented. Thus, the only issue in this case is whether the consent to search given by Mrs. Stracener was done freely and voluntarily.
The United States and Louisiana Constitutions afford a person protection against unreasonable searches and seizures by requiring that law enforcement officers obtain a warrant supported by probable cause before they conduct a search and seizure. U.S. Const. Amend. IV; La. Const. Art. I § 5 (1974).
A search and seizure conducted without a warrant is presumed unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Banks, 363 So.2d 491 (La.1978). Once a defendant makes an initial showing that a warrantless search occurred, the burden of proof shifts to the state to affirmatively show that the search is justified under one of the narrow exceptions to the rule requiring a search warrant. Banks, supra.
In this case, it is undisputed that the search was not authorized by a warrant. However, a valid consent search is a well-recognized exception to the warrant requirement but the burden is upon the State to prove that the consent was given freely and voluntarily. State v. Wolfe, supra. Voluntariness is a question of fact to be determined by the trial judge under the facts and circumstances of each case. State v. Wolfe, supra. These factual determinations are to be given great weight on appellate review. State v. Edwards, 434 So.2d 395 (La.1983).
Havard argues that the entry to Mrs. Stracener's residence was gained without the consent of Mrs. Stracener, the only person who could give such consent. However, a consent to search made after an illegal entry is valid if the circumstances indicate that it was free and voluntary and not an exploitation of the illegality. State *1204 v. Ragsdale, 381 So.2d 492 (La.1980); State v. Wolfe, supra. The deputies in this case merely gained entry, after being first invited into the house, to talk to Mrs. Stracener.
The record in this case shows that the consent to search which was then given by Mrs. Stracener was free and voluntary. The record is void of any testimony or evidence to the contrary. As noted by this court in State v. Cormier, 438 So.2d 1269 (La.App. 3rd Cir.1983), writ granted under the caption State v. Owen, 443 So.2d 599 (La.1983), affirmed under the caption State v. Owen, 453 So.2d 1202 (La.1984), a valid consent will effectively waive not only the "consenter's" rights against unreasonable search and seizure but also the rights of any other person who might have been adversely affected. Since Mrs. Stracener consented freely and voluntarily to the search of her house and automobile, Havard, who was found in the car with the stolen items, cannot now object to the car's search as unreasonable and in violation of his constitutional rights nor to his subsequent statements given after a valid search and seizure and arrest.
Consequently, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 2
Havard's other assignment of error was not briefed for the court. Assignments not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). Therefore, the scope of appellate review on this issue is limited to a review of the pleadings and proceedings, without inspection of the evidence, for errors patent. State v. Zeno, 322 So.2d 136 (La.1975). Accordingly, we have carefully examined the record in this case pursuant to the mandate of LSA-C.Cr.P. Art. 920 and finding no errors patent on the face of the record in connection with the sentence imposed, we affirm Havard's sentence.
For the reasons given above the trial court's ruling denying the defendant's Motion to Suppress evidence and the defendant's sentence are affirmed.
AFFIRMED.