LABORDE, Judge.
Defendant, Lionel Zone, was convicted of simple burglary, a violation of LSA-R.S. 14:62. The defendant was sentenced to serve six years at hard labor. Defendant appeals, raising two assignments of error. We affirm.
FACTS
During the early morning hours of August 1, 1986, Officer Byron Juneau noticed that the front glass door of E-Z Shop # 4 in Bunkie had been smashed. At about the same time, defendant came into the Bunkie Police Station and asked radio operator, Nadia Robinson, who was on patrol that night. Robinson testified that the defendant appeared intoxicated, had a cut on his upper arm, and a bottle of liquor in his pocket. Robinson stated that she had heard that the E-Z Shop had been broken into. She thought that because the defendant had liquor and that she knew of no stores where he could have purchased liquor at that late hour, that the defendant may have committed the crime.
Robinson then informed Officer Donald Campbell of what happened at the police station. Officer Campbell then proceeded to the defendant’s residence where the defendant agreed to accompany the officer to the station for questioning. Officer Campbell searched the defendant and found a ½ pint bottle of Calvert’s Whiskey. The defendant was barefoot. When Campbell retrieved defendant’s shoes from the porch, he noticed glass particles in the soles. A scientific analysis comparing the glass in defendant’s shoes with glass from the crime scene revealed that the two samples were compatible. Earl Rabalais, the owner of the E-Z Shop Store, testified that whiskey, and specifically Calvert’s Whiskey, had been stolen from his store. Rabalais also testified that the defendant was not authorized to enter his store.
*98 ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred in denying his motion to suppress evidence (shoes and the glass fragments in the shoes). The defendant argues that the evidence was seized from defendant’s front porch without a warrant. Defendant further contends that there was no probable cause to make this seizure and that this seizure was invalid under any exception to the warrant requirement.
The prosecution contends that the defendant consented to the seizure. The defendant argues that if there was any consent, it could not have been voluntary because the defendant was intoxicated.
A search or seizure without a warrant issued upon probable cause is per se unreasonable subject only to a few well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). A search or inspection conducted with the consent of the defendant is an exception to the warrant and the probable cause requirement of the law. State v. Tennant, 352 So.2d 629 (La.1977), cert den., 435 U.S. 945, 98 S.Ct. 1529, 55 L.Ed.2d 543 (1978); State v. Schouest, 351 So.2d 462 (La.1977).
When the state seeks to justify a search or seizure, based on the consent of the defendant, the state bears the burden of proof that the consent was free and voluntary. State v. Owen, 453 So.2d 1202 (La.1984). Voluntariness is a question of fact which must be determined on the individual circumstances of each case. State v. Havard, 469 So.2d 1200 (La.App. 3d Cir.1985).
The trial judge’s factual determination of whether consent is free and voluntary is accorded great weight. Havard, 469 So.2d at 1203; State v. Edwards, 434 So.2d 395 (La.1983).
In the instant case Officer Donald Campbell testified at a preliminary examination, the motion to suppress, and at trial on the merits. Officer Campbell testified at the preliminary examination as follows:
“Q. Did he give you—did you ask him could you have the shoes?
A. No, I asked him could I get his shoes. He said, he gives me permission to go get his shoes. I went and got his shoes; I put Lionel in the back of the unit, and I put the shoes in the front of the unit. When I got to the station, I brought him in the back office, and I started asking him some questions, then I noticed his shoes; I turned his shoes up. I noticed some glass particles, glass in it. And, he wouldn’t talk to me because he was under the influence of alcohol. I got what I could get out of him, and that was it. I told him I flew [sic] at Officer Ducote and I told Floyd that the shoes ...
Q. So, you gave Officer Floyd Ducote the shoes?
A. Yes....”
At the motion to supress Officer Campbell testified contrary to his previous testimony:
“A. OK, as I was putting him in the car, he to me for me to get his shoes [sic]; cause he came outside bare-feeted [sic]. His shoes were on the front porch of the house, the front porch.
Q. All right, so he was getting in the car, and he asked you to go and get his shoes?
A. Yes sir.
Q. All right, so did you comply with his request, and did you go get his shoes?
A. Yes sir.”
At trial, when questioned as to his making contrary statements at the two previous hearings, Officer Campbell testified that it was his idea that he get the defendant’s shoes off of the porch, but that the defendant gave him permission to do so. Officer Campbell testified that he wanted to get the defendant’s shoes because the defendant was barefoot and may have had to walk home after questioning.
Under either scenario the evidence supports the trial judge’s finding that the seizure and inspection of the defendant’s *99 shoes was done pursuant to the defendant’s consent. The record supports the officer’s contention that he had defendant’s permission to seize the shoes.
The defense claims that at the time the defendant was requested to accompany Officer Campbell to the police station he was intoxicated and, therefore that consent was not freely given.
The fact that the defendant was under the influence of alcohol is a relevant circumstance to consider, but this alone does not equal involuntary consent. State v. Ludwig, 423 So.2d 1073 (La.1982); State v. Strange, 334 So.2d 182 (La.1976). The test for voluntariness is the totality of the circumstances test of Schneckloth, 93 S.Ct. at 2047.
In the present case, Officer Campbell testified that the defendant came to the door and asked “what’s up.” Campbell stated that the defendant gave him permission to get his shoes and agreed to go with Officer Campbell to the police station. The record suggests that the defendant had been drinking, but was aware of the consequences of his acts. The trial judge did not abuse his great discretion in finding the defendant’s consent voluntary, and the challenged evidence admissible.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant argues that the evidence presented at trial was legally insufficient to support a guilty verdict for “simple burglary.” Defendant contends that the state’s case is one of circumstantial evidence and that the case against defendant is extremely weak.
The defendant argues that in reviewing the sufficiency of the evidence that the usual Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard must be read with State v. Shapiro, 431 So.2d 372 (La.1982), which states that the reviewing court must determine whether a reasonable hypothesis of innocence exists, and that if such a hypothesis exists, the conviction must be reversed.
Simple burglary, LSA-R.S. 14:62, has two elements: 1) the unauthorized entry of an immovable; and 2) the intent to commit a felony or theft within. The prosecution must prove both of these elements beyond a reasonable doubt.
In State v. Chism, 436 So.2d 464 (La.1983), our Supreme Court subsumed LSA-R.S. 15:438 within the Jackson standard, and used it as an evidentiary guide for the reviewing court to determine whether a trier of fact could reasonably have found the defendant guilty of the crime charged.
In Chism, 436 So.2d at 464, the court stated that, “[circumstantial evidence involves ... a process of reasoning, or inference by which a conclusion is drawn. Like all other evidence, it may be strong or weak; it may be so unconvincing as to be quite worthless, or it may be irresistable and overwhelming ... The gist of circumstantial evidence, and the key to it, is the inference, or process of reasoning by which the conclusion is reached.”
Did the State prove that defendant entered E-Z Shop #4 without authorization with intent to commit a theft? Officer Byron Juneau testified that the E-Z Shop had been broken into, entry being facilitated by a trash can being thrown through the front glass door. Bunkie Police Department radio operator, Nadia Robinson, testified that she saw the defendant in the police station with a cut on his right arm and a bottle of whiskey in his pocket. Officer Donald Campbell testified that the defendant had glass in his shoes and a ½ pint bottle of Calvert’s Whiskey in his possession when he was taken into custody. Officer Floyd Ducote testified that he received the shoes from Campbell. Ducote testified that he had the glass in the shoes scientifically tested against glass recovered from the crime scene. The glass samples were “compatible.” The store owner, Earl Rabalais, testified that cigarettes, beer and liquor, including some Calvert’s Whiskey, was taken from the store.
The only reasonable inference to be drawn from this overwhelming circumstantial evidence is that the defendant committed the crime of simple burglary of E-Z *100 Shop #4. No reasonable hypothesis of innocence exists.
This assignment of error is without merit.
For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.