BROWN, Judge.
On October 17, 1990 Ouachita Parish Deputy Bill Berry stopped a vehicle being driven by defendant, Richard Pell. As a result of observations following the stop, Pell was arrested and charged with D.W.I. Pell moved to suppress evidence of these observations and other tests claiming the stop was an unreasonable seizure. Evidence was presented on Pell’s motion and the trial court found in Pell’s favor ordering all evidence obtained as a result of the stop excluded or suppressed. Pursuant to an application by the state, we granted a review under our supervisory jurisdiction and finding the stop not unreasonable, reverse the trial court’s exclusion of the evidence.
At approximately 1:00 a.m. while on routine patrol, Deputy Berry passed a closed convenience store, Chuck & Cecelia’s, and noticed a van parked on the grass at the side of the building. A man was standing outside the open door of the van. Deputy Berry continued to make a short block to again pass by the store and as he returned the van was leaving. Berry followed the vehicle and stopped it for the purpose of questioning the driver “as to what he was doing outside of that building at that time of night”. Pell was asked to produce his driver’s license, and, at this point, Berry noticed an odor of alcohol on Pell’s breath. After several field sobriety tests, Pell was arrested and charged with D.W.I. Pell was *1187 later given an intoxilyzer test at 1:40 a.m. which registered .14 percent blood alcohol.
The Fourth Amendment to the United States Constitution and LSA-La.Const. 1974, Art. 1 § 5 protect people against unreasonable searches and seizures. The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. Art. 215.1, as well as by both state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984), and State v. Andrishok, 434 So.2d 389 (La.1983).
As recognized in Terry v. Ohio, supra, the stop in this case was a seizure of Pell by Deputy Berry. The Fourth Amendment to the U.S. Constitution, however, prohibits only unreasonable seizures and Terry, supra, expanded the justification or reasonableness for certain investigatory seizures. LSA-C.Cr.P. Article 215.1 recognized the Terry decision by providing in part:
“a law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense and may demand of him his name, address and an explanation of his actions.”
Reasonable cause or suspicion for an investigatory stop is something less than probable cause and is determined from the totality of the circumstances. United States v. Cortez, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981), and State v. Goodson, 444 So.2d 1337 (La.App.2d Cir.1984). Reasonable suspicion is based upon the officer’s knowledge of facts and circumstances which lead him to believe that the person to be detained has, is, or will be engaged in criminal conduct. LSA-C.Cr.P. Art. 215.1; State v. Belton, supra, and State v. Andrishok, supra.
The location of defendant’s vehicle at the side of a dark and closed convenience store at 1:00 a.m. was the basis for Deputy Berry’s eventual stop. Considering the totality of the circumstances testified to by Deputy Berry, to include, his knowledge of prior burglaries at the location, the time of night, that the store was closed, that defendant’s vehicle was parked next to the building but off the parking lot, that defendant was outside of the vehicle, and that defendant was departing as the officer reap-proached, we find Berry was reasonable to institute the minor intrusion of stopping Pell to determine his business.
We agree that this information is adequate to support a Terry stop of short duration. Once the officer detected the odor of alcohol on defendant’s breath, reasonable cause then existed to investigate a possible D.W.I. violation.
REVERSED.