STOKER, Judge.
Defendant, Arthur Johnson, was charged with and convicted of possession of cocaine, a violation of LSA-R.S. 40:967(C). Defendant’s conviction was based on a guilty plea, with a reservation of his right to appeal the denial of his motion to suppress the evidence. Defendant was sentenced to, three years at hard labor, suspended, with three years of supervised probation. Defendant appeals his conviction. We affirm.
FACTS
At approximately 1:30 a.m. on December 9, 1989, Officer Newman Bobb noticed a vehicle parked so that it blocked a lane of traffic on Vance Street in front of the Chicken Shack Club in Alexandria. The driver’s door was open and the car was occupied only by a passenger, the defendant. The car was parked almost six feet from the curb with the engine off and was blocking traffic. Officer Bobb stopped his car behind the parked vehicle and asked the passenger to step out and approach him. Officer Bobb did so to determine who the car belonged to and why it was there.
As the defendant approached he appeared nervous and kept both hands tucked in his coat pockets. For personal safety reasons, Officer Bobb asked defendant to remove his hands from his pockets. Defendant answered “what for, I don’t have anything.” Officer Bobb repeated the request three more times before defendant complied. In complying, defendant abruptly removed his hands from his pockets, placed them on the hood of the car and said “I don’t have anything Newman Bobb, you can search me.” Officer Bobb then proceeded to pat down the defendant.
The pat down revealed a hard object inside the coat pocket. When asked what it was defendant replied “nothing.” Officer Bobb then asked defendant if he could look and reached inside defendant’s pocket. The defendant made no objection and did not withdraw his invitation to be searched. Officer Bobb found a rock of cocaine slightly larger than a pencil eraser.' Defendant was arrested for possession of cocaine.
OPINION
Defendant’s sole assignment of error on appeal is the trial court’s denial of his motion to suppress the evidence. Defendant argues that there was not a valid stop, there was no reasonable suspicion to conduct a pat down search, the search exceeded the scope of a weapons frisk and, therefore, the cocaine seized was the result of an illegal search and should have been suppressed. We disagree.
*805 At trial, Officer Bobb testified that he asked defendant to get out of the car so that he could question defendant as to who the car belonged to and why it was parked in the middle of the street, as well as to tell him that it needed to be moved. Officer Bobb stated that defendant had not committed a crime.
It is a normal procedure for police officers to order the occupants out of a vehicle in order to protect the safety of the officers. As discussed in State v. Landry, 588 So.2d 345 (La.1991), the justification for ordering a passenger out of the vehicle is just as compelling as the justification for ordering the driver out. After balancing the safety and the privacy interests, the court held that the removal of a passenger from a vehicle, in order to ensure the officers’ safety, is more of a slight inconvenience than a serious intrusion upon the passenger’s privacy interests. The detention was reasonable and based on articula-ble facts relating to the illegally parked car, of which defendant was the sole occupant. The officer’s duty to secure the public safety required him to investigate. State v. Bartholomew, 562 So.2d 1086 (La.App. 4th Cir.1990); LSA-C.Cr.P. art. 215.1. See also, State v. Pell, 584 So.2d 1186 (La.App. 2d Cir.1991).
Likewise, Officer Bobb’s order for defendant to remove his hands from his pockets was also justified by the interest of self-protection. Such an order was certainly not unreasonable.
Defendant characterizes the subsequent search as a weapons frisk which was without justification or reasonable cause. However, such a search was never suggested by Officer Bobb and he candidly admitted that defendant had used no overtly threatening gestures or language. Although defendant’s initial refusal and obvious reluctance to remove his hands from his pockets may have justified a frisk for weapons, we find that this was not a weapons search. In any event, as we will show, the search had a legal basis.
The search in this case was not initiated by Officer Bobb. It was defendant’s idea. Defendant invited Officer Bobb to search him. Therefore, there is really no issue in this case as to whether defendant consented to the search. The offer to search was defendant’s and Officer Bobb merely accepted the offer. It is well-settled that a defendant who consents to a search may not be heard to later complain of the violation of his privacy. State v. Abram, 353 So.2d 1019 (La.1977), cert. denied, 441 U.S. 934, 99 S.Ct. 2058, 60 L.Ed.2d 663 (1979). We feel this principle is even more applicable where a defendant invites the search.
A search conducted with the consent of the defendant is an exception to the warrant and probable cause requirements of the law. The trial court determines the voluntariness of consent as a question of fact and the appellate court should not overturn the trial court’s conclusion in the absence of palpable abuse of discretion. State v. Rios, 528 So.2d 163 (La.App. 3d Cir.1988), writ denied, 530 So.2d 83 (1988); State v. Zone, 511 So.2d 96 (La.App. 3d Cir.1987), writ denied, 513 So.2d 822 (1987).
Although this is a case of invitation rather than consent, we find that defendant’s invitation to be searched was freely and voluntarily given. He was not under arrest. There was no coercion or duress involved. He was merely being temporarily detained for an investigatory stop. Therefore, we hold that the trial judge did not err in denying defendant’s motion to suppress the cocaine seized from his person.
CONCLUSION
For the reasons given, defendant’s conviction is affirmed.
AFFIRMED.