410 So.2d 754 (1982)
STATE of Louisiana
v.
Joey McDANIEL. (Two cases)
Nos. 81-KA-1282, 81-KA-1324.
Supreme Court of Louisiana.
February 19, 1982.
*755 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Gregory N. Wampler, Asst. Dist. Atty., for plaintiff-appellee in both cases.
Edwin O. Ware, Dist. Atty., R. Greg Fowler, Asst. Dist. Atty., for plaintiff-appellee in No. 81-KA-1282.
Joseph P. Beck, II, Dist. Atty., for plaintiff-appellee in No. 81-KA-1324.
Helen G. Roberts of Gravel, Robertson & Brady, Alexandria, for defendant-appellant.
DENNIS, Justice.[*]
Defendant, Joey McDaniel, appeals from his convictions and sentences for attempted armed robbery and forcible rape. The two offenses were part of one criminal episode involving a woman victim which began in Rapides Parish and extended into Grant Parish. In the Grant Parish case defendant was convicted by a jury of forcible rape and sentenced to twenty-one years at hard labor, the first two years without benefit of probation, parole or suspension of sentence. Pursuant to a plea bargain in the Rapides Parish case, after being originally charged with aggravated kidnapping, he pleaded guilty to attempted armed robbery and was sentenced to twelve years at hard labor without benefit of probation, parole or suspension of sentence, concurrently with any other sentence.
In his two appeals, which are here consolidated for purposes of argument and opinion, the defendant filed four assignments of error. Finding merit in one of his assignments in the forcible rape case, we pretermit consideration of the other allegations of error therein, and reverse his conviction and sentence. After considering the assignment, record and argument in the attempted armed robbery case, we conclude that the sentence is not excessive and affirm.
The offenses occurred on January 19, 1980. Defendant hid in the back of a woman's unoccupied van in the Tioga Shopping Center parking lot in the early evening. When she returned to the van, defendant produced a knife and instructed her to drive to a remote spot in Grant Parish. On the way the victim engaged the defendant in conversation and persuaded him to put his knife away. There is evidence she may have had several opportunities to escape. When they arrived at the scene, the defendant ordered her to have sexual intercourse with him and she complied. Thus, the crucial issue for the jury was whether the defendant committed forcible rape, La.R.S. 14:42.1, which requires a reasonable belief by the victim that resistance would be futile, or the lesser offense of sexual battery, La.R.S. 14:43.1.
The trial court instructed the jury that "* * * The burden is therefore upon the State to establish to your satisfaction and beyond a reasonable doubt the guilt of the defendant as to the crime charged in the Bill of Indictment or any lesser responsive verdict included in it. If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, then it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. This doubt must be a reasonable one, that is, one found upon a real, tangible substantial basis and not upon mere caprice, fancy or conjecture. It must be such a doubt that would give rise to a great uncertainty raised in your minds by reason of the unsatisfactory character of the evidence. It must be one that would make you feel morally uncertain as to the defendant's guilt. If after giving a fair and impartial consideration to all the facts in the case you find the evidence unsatisfactory upon any single point indispensibly necessary to constitute the defendant's guilt, this would give rise to such a reasonable doubt as would justify *756 you in rendering a verdict of NOT GUILTY. However, you are prohibited by law and your oath from going beyond the evidence to seek for doubts upon which to acquit the defendant. You must confine yourselves strictly to a dispassionate consideration of the evidence presented upon the trial. You must not resort to extraneous facts or circumstances in reaching your verdict." [emphasis added]
Louisiana Code of Criminal Procedure Article 804, in pertinent part, provides:
A. In all cases the court shall charge the jury that:
(1) A person accused of crime is presumed by law to be innocent until each element of the crime, necessary to constitute his guilt, is proven beyond a reasonable doubt;
(2) It is the duty of the jury, in considering the evidence and in applying to that evidence the law as given by the court, to give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence in the case; and
(3) It is the duty of the jury if not convinced of the guilt of a defendant beyond a reasonable doubt, to find him not guilty.
The court may, but is not required to define "the presumption of innocence" or "reasonable doubt" or give any other or further charge upon the same than that contained in this article.
The trial court's reasonable doubt instruction does not comply with Article 804 in two respects.
First, although portions of the charge are correct, by redefining "reasonable doubt" as "a doubt that would give rise to a great uncertainty" and "one that would make you feel morally uncertain as to the defendant's guilt," the trial court's instruction created a reasonable possibility the jury was misled into applying an insufficient standard. Even when the phrase "great uncertainty" is viewed in the context of the whole charge it overstates the degree of uncertainty required for a reasonable doubt. Cf. United States v. Alvero, 470 F.2d 981 (5th Cir. 1972). "Morally uncertain" could be interpreted to mean that the uncertainty must be based on feeling, i.e., lack of moral indignation rather than a reasonable doubt about an essential fact. Cf. United States v. Indorato, 628 F.2d 711, 720-721 (1st Cir. 1980).
An instruction which misleads or confuses the jury as to the meaning of reasonable doubt may create an error of constitutional dimensions. As stated by the United States Supreme Court in recognizing the inevitability of error even in criminal cases, "[w]here one party has at stake an interest of transcending valueas a criminal defendant his libertythis margin of error is reduced as to him by the process of placing on the other party the burden... of persuading the factfinder at the conclusion of the trial of his guilt beyond a reasonable doubt." Speiser v. Randall, 357 U.S. 513, 525-526, 78 S.Ct. 1332, 1341-42, 2 L.Ed.2d 1460 (1958). In 1970, the high court explicitly held that the due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In Re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970).
The trial court is not required to define reasonable doubt or give any other or further charge than that contained in the article. La.C.Cr.P. art. 804. Because of the crucial importance of the instruction, and because the explanations themselves often need more explanation than the term explained, McCormick, § 341, p. 800, it is usually preferable to read only the exact language of Article 804 to the jury.
Second, that portion of the charge was clearly wrong by which the trial court prohibited the jury from "going beyond the evidence to seek for doubts upon which to acquit the defendant" and admonished it to confine itself to "consideration of the evidence presented upon the trial." La.C.Cr.P. art. 804(A)(2) states that reasonable doubt may arise from the lack of evidence in the case.
*757 As this court recently held in State v. Mack, 403 So.2d 8, 11 (La.1981):
"A correct understanding of reasonable doubt is essential in every criminal jury trial. A vital part of that definition is the statutory formulation of C.Cr.P. 804 reasonable doubt may arise out of the lack of evidence in the case. This concept is best explained by the exact wording of the statute. Its essential ingredients are not supplied by jury instructions which merely hint at the idea embodied in the statute. In Henderson we stated that a reading of the exact language of C.Cr.P. 804 would have been preferable; today we hold such a reading to be mandatory."
For the reasons assigned, the conviction and sentence in No. 81-KA-1324 are reversed and the case is remanded; and the conviction and sentence in 81-KA-1282 are affirmed.
No. 81-KA-1324 REVERSED AND REMANDED.
No. 81-KA-1282 AFFIRMED.
WATSON, J., and BOUTALL, J. ad hoc, concur and assign reasons.
MARCUS, J., and PRICE and JONES, JJ. ad hoc, concur in part and dissent in part and assign reasons.
WATSON, Justice, concurring.
While I am not entirely in accord with the conclusions reached by the majority concerning the instruction on reasonable doubt, I concur in the result for the following reasons.[1]
In the Grant Parish case there is a very serious question about the confession. The burden was on the State to establish that there were no promises, inducements, or threats which would negate the free and voluntary nature of the statement. Here the defendant said in his statement, which was recorded and transcribed, the following:
"Q. And Joey, before we took this statement, did we make you any promises? Did we promise you anything?
"A. You said you would try to help me.
"Q. Did we threaten you in any way or anything like that, Joey?
"A. You said to put me on a lie detector." (Tr. 71)
These assertions by the defendant were not specifically negated and were to some extent corroborated by the state's witnesses.[2] They strongly suggest that the confession may have resulted from threats and promises.
The two crimes are part of one event. As a practical matter, defendant faces a longer period of incarceration from his concurrent Rapides Parish sentence than he does under the conviction and sentence in Grant Parish.[3] No purpose would be served by further consideration of the Grant Parish case.
As to the Rapides case I respectfully concur, and as to the Grant Parish case I respectfully concur in the result.
JOHN C. BOUTALL, Justice Ad Hoc concurring.
I concur. I agree that the portion of the charge requiring great uncertainty and moral uncertainty is erroneous. However, I do not agree with the interpretation placed on that portion cautioning the jury not to be beyond the evidence and believe that to be a correct statement of law.
MARCUS, Justice (concurring in part and dissenting in part).
I concur in the affirmance of defendant's conviction and sentence for attempted armed *758 robbery but dissent from the reversal of his conviction and sentence for forcible rape.
O. E. PRICE, Justice Ad Hoc (concurring in part and dissenting in part).
For the reasons assigned by Justice Ad Hoc Fred W. Jones, Jr., I dissent from the reversal of defendant's conviction and sentence for forcible rape, but concur in the affirmance of his conviction and sentence for attempted armed robbery.
FRED W. JONES, Justice Ad Hoc (concurring in part and dissenting in part).
The majority reverses the defendant's conviction and sentence for forcible rape because of alleged errors in the trial judge's jury instructions relating to "reasonable doubt." First, it is asserted that by modifying "uncertainty" with "great" the trial judge could have misled the jury. Then, the majority excerpts "morally uncertain" from the pertinent section of the instructions and holds that the jury might have interpreted this to mean an uncertainty based on feeling rather than fact.
It should be noted that the questioned instructions were preceded by the statement that this "doubt must be a reasonable one." Although the use of "great" as applied to "doubt" might have confused the jury, when seen in the context of the entire charge I do not believe that this single dereliction would have misled the jury into "applying an insufficient standard."
Although "morally uncertain" may be a part of the standard instructions in criminal jury cases, the better part of wisdom dictates its omission, since the term itself defies definition. Rather than misleading the jury, it probably meant nothing at all.
Second, the majority characterizes as "clearly wrong" the trial judge's admonition that the jury "consider only the evidence presented at the trial and not go beyond the evidence to seek doubts upon which to acquit the defendant," since reasonable doubt may arise from lack of evidence. The generally accepted purpose of this instruction is to emphasize to the jury the necessity of trying the case on the basis of legally admissible evidence presented in court. Rather than preventing the consideration by the jury of the lack of evidence, this in itself is the only way the jury can determine whether evidence is lacking. To put it another way, only by studying the evidence actually presented can the jury logically conclude that the prosecution has not proven its case.
For these reasons, I respectfully dissent from the reversal of defendant's conviction and sentence for forcible rape, but concur in the affirmance of his conviction and sentence for attempted armed robbery.
NOTES
[*] The Honorables O. E. Price, and Fred W. Jones, Jr. of the Court of Appeal, Second Circuit, and John C. Boutall of the Court of Appeal, Fourth Circuit participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Marcus, Dennis and Watson.
[1] I respectfully suggest that as to reasonable doubt it would be best for the trial courts to read the pertinent portion of LSA-C.Cr.P. art. 804 to the juries and avoid lengthy explanations which open the door to possible error.
[2] Judge McCain himself noted an "umbra" of doubt.
[3] The Grant Parish sentence was 21 years at hard labor, but only two years were without benefit of probation, parole or suspension of sentence. LSA-R.S. 14:42.1. Defendant would be eligible for parole after seven years. LSA-R.S. 15:574.4. The concurrent Rapides Parish sentence was 12 years at hard labor without benefit of probation, parole or suspension of sentence.