439 So.2d 1242 (1983)
STATE of Louisiana
v.
Charles HENRY.
No. 83-KA-350.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1983.
Writ Granted December 16, 1983.
*1244 John M. Mamoulides, Dist. Atty., Steve Wimberly, William C. Credo, III, Andrea M. Price, Asst. Dist. Attys., Research & Appeals, Gretna, for State of Louisiana plaintiff-appellee.
Bernard E. Burk, New Orleans, for Charles Henry defendant-appellant.
Before BOUTALL, KLIEBERT and DUFRESNE, JJ.
BOUTALL, Judge.
Appellant Charles Henry appeals his conviction of aggravated rape with its resultant life sentence.
Appellant, age 31, was convicted by a jury of the aggravated rape of an eight year-old girl, the daughter of appellant's live-in girlfriend. He has assigned the following five errors for our review:
1. The Court erred in failing to grant a mistrial after incorrectly instructing the jury panel during voir dire on the definition of "reasonable doubt."
2. The Court erred in failing to instruct the jury that forcible rape was a responsive verdict to the offense of aggravated rape.
3. The Court erred in instructing the jury that they must consider every responsive verdict and find the defendant not guilty of each of them before they could find the defendant "not guilty."
4. Taking the evidence in the light most favorable of the State, a rational jury could not find the defendant guilty as charged beyond a reasonable doubt.
5. The Court erred when it refused to grant a new trial to the defendant based upon the reasons set out in the defendant's Motion for New Trial.
We will briefly pass on Assignments # 1, 3, 4, and 5 and then devote the remainder of our opinion to Assignment # 2, which in our view presents the only issue on appeal which merits a detailed analysis.

ASSIGNMENT 1
As stated above, appellant specifies as error the trial court's refusal to grant a mistrial after incorrectly instructing the jury panel during voir dire on the definition of the concept of reasonable doubt.
The incorrect instruction of which appellant complains was the following:
You are prohibited by law and your oath from going beyond the evidence to seek for doubts upon which to acquit the defendant, but you must confine yourself strictly to a dispassionate consideration of the testimony given upon the trial. You must not resort to extraneous facts and circumstances in reaching your verdict. That is, you must not go beyond the evidence to find facts and circumstances creating doubts but must restrict yourself to the evidence that you heard on the trial of this case.
Counsel for the defense advised the court that the instruction on reasonable doubt was incorrect and requested a mistrial.
The court continued with voir dire and addressed the jury once again.
I want to point out to this jury panel that in reading some of the preliminary *1245 principles of law to this jury, I want you to understand that at the end of this case I will give you the law and you will be governed in this case by that law that I will give you at the end of the case. That is the law that will govern in this.
However, in discussing some of the preliminary principles of law with you, this court believes that it inadvertently stated one principle of law in error, which was pointed out by counsel for the defendant. I want to re-read you law on the presumption of innocence and what a reasonable doubt is. Now, with that understanding, that I will charge you on the law at the end of this case and after all of the testimony is heard and after the argument of counsel at the end of this case, I will give you the law and you will be governed by that law at the end of this case. I will now re-read you those principles of law.
The defendant is presumed to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt. The defendant is not required to prove that he is innocent. Thus, the defendant begins the trial with a clean slate. The burden is upon the state to prove the defendant's guilt beyond a reasonable doubt. In considering the evidence, you must give the defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. If you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty. While the State must prove guilt beyond a reasonable doubt, it does not have to prove guilt beyond all possible doubt. Reasonable doubt is doubt based on reason and common sense and is present when, after you have carefully considered all the evidence, you cannot say you are firmly convinced of the truth of the charge.
The appellant argues that a mistrial should have been granted on the basis of the original improper instruction.
La.C.Cr.P. art. 770 delineates the instances in which a mistrial is mandatory. It provides:
Art. 770. Prejudicial remarks; basis of mistrial
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
The original improper instruction as to the law does not fall within article 770. State v. Cushenberry, 407 So.2d 700, 701 (La.1981) held that "[e]xcept in instances in which a mistrial is mandatory, it is warranted only when trial error results in substantial prejudice to the defendant depriving him of a fair trial. [Citations omitted]."
La.C.Cr.P. art. 921 provides that "[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."
Thus the question which must be resolved in the present case is whether the error noted and corrected was harmless in nature. State v. Gibson, 391 So.2d 421, 426 (La.1980) held that "[i]f the error is the kind that *1246 may be deemed harmless, the burden is on someone other than the person prejudiced by it to show that it was harmless. Chapman, supra. [Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)]."
In the instant case, the jury was properly reinstructed. The original error occurred before the jury was impaneled. Voir dire was continued with the original fourteen prospective jurors and the court corrected itself. Three prospective jurors were excused by the state and four by the defense. Eight more veniremen were called and they were also reinstructed as to the correct law on reasonable doubt. In the process of impaneling a jury, the trial court re-explained the law one more time for a total of three times, before opening statements were made. During these three reinstructions, the veniremen were all seated in the courtroom and were present for the correct instructions as to the law.
Appellant cites the case of State v. McDaniel, 410 So.2d 754 (La.1982) in support of his position that the incorrect instruction on "reasonable doubt" constitutes reversible error. The instruction on reasonable doubt at issue in McDaniel was very similar to the trial court's original charge in the instant case, insofar as that portion advising the jury that they were prohibited from "going beyond the evidence to seek for doubts upon which to acquit the defendant, etc." In McDaniel, supra, the Louisiana Supreme Court held the above instruction, under the circumstances of that case, was clearly wrong and required reversal, stating:
An instruction which misleads or confuses the jury as to the meaning of reasonable doubt may create an error of constitutional dimensions.
McDaniel, supra, at 756. We find important distinctions between McDaniel, supra, and the case now before us. In McDaniel, the trial judge did not admonish the jury and reinstruct them correctly. In the present case the error occurred prior to completion of jury selection and the trial judge immediately corrected the erroneous instruction, three times giving the correct instruction on "reasonable doubt" prior to the jury's being impaneled, and then once again at the close of the trial. Accordingly we hold that in the present case no error of "constitutional dimensions" occurred.
For the reasons given, assignment of error # 1 is without merit.

ASSIGNMENT # 3
At issue is the following jury instruction regarding responsive verdicts for lesser included offenses:
In order to convict the defendant of the offense charged you must find beyond a reasonable doubt that the state proved every element of the crime of aggravated rape.
If you are not convinced that the defendant is guilty of the offense charged you may find the defendant guilty of a lesser offense, if you are convinced beyond a reasonable doubt that the defendant is guilty of a lesser offense.
If the state has failed to prove beyond a reasonable doubt that the defendant is guilty of either the offense charged or of a lesser responsive offense you shall find the defendant not guilty.
Appellant argues that the third paragraph above is an improper statement of the law in that it implies that the jury must consider every lesser responsive verdict before it can find the defendant not guilty.
The questioned charge is correct and is one mandated by law. La.C.Cr.P. art. 804 provides in pertinent part:
B. When there are several grades of an offense contained in a single count, the court shall charge the jury as to each grade of which the defendant could be found guilty. The court shall in that case also charge the jury that if it has a reasonable doubt as to any or all grades of the offense charged it shall find the defendant not guilty of that grade, or all grades of the offense, as the case may be. (Emphasis supplied)
Assignment of error # 3 is without merit.

*1247 ASSIGNMENT # 4
Appellant argues in Assignment of Error # 4 that taking the evidence in the light most favorable to the State, a rational jury could not find him guilty beyond a reasonable doubt. In other words, appellant challenges the sufficiency of the evidence upon which he was convicted under the above-enunciated test of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Appellant was originally indicted on two counts of aggravated rape. The first count dealt with vaginal penetration, the second with anal penetration. He was acquitted on the second count.
The elements which the State must prove in a prosecution for aggravated rape of a child under twelve (La.R.S. 14:42(4)) are (1) anal or vaginal penetration deemed to be without consent of the victim because of (2) the victim's age.
In essence, appellant makes a two step argument that the evidence of the element of penetration is purely circumstantial. Firstly he argues that the jury did not base its verdict on the testimony of the victim, as is evidenced by their acquittal of him on the second count of anal penetration. Secondly appellant contends that the only difference in the evidence presented relative to the two counts was the doctor's testimony, which was inconclusive and purely circumstantial.
Circumstantial evidence is defined as "[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved." [citation omitted].[1]
Direct evidence, by contrast, is "[e]vidence in form of testimony from a witness who actually saw, heard or touched the subject of interrogation." [citation omitted].[2]
The characterization of evidence as circumstantial rather than direct may have the effect of altering the State's burden of proof to a stricter standard.[3] Appellant argues that he should benefit from this stricter standard on review due to the nature of the examining doctor's testimony.
We need not dwell on a discussion of this point, however, because appellant is in error in his argument that evidence of the element of penetration was purely circumstantial. The testimony of the young victim, though phrased in childish terminology, was quite explicit on this point, and constitutes direct evidence. That, coupled with the doctor's testimony regarding his findings of a tear in the child's hymen and redness and swelling in the vaginal area, were sufficient for a rational jury to find appellant guilty beyond a reasonable doubt, thus satisfying the standard of Jackson v. Virginia, supra, for review of sufficiency of the whole of the evidence, both direct and circumstantial, against appellant.

ASSIGNMENT # 5
In this assignment, appellant contends that the trial court erred when it refused to grant him a new trial based on the reasons set out in his Motion for New Trial.
Appellant submits that the ends of justice would best be served by the granting of a new trial, however, no pertinent legal grounds were demonstrated, as outlined by La.C.Cr.P. art. 851. The grounds submitted in the Motion for a New Trial were the same as the assignment of errors submitted to this court for review.
State v. Hicks, 395 So.2d 790, 797 (La. 1981) held that "although a trial judge may grant a new trial on the ground that the *1248 ends of justice would thereby be served, a denial of a request for a new trial on this ground presents nothing for appellate review. [citations omitted]."
For the reasons which we have given in our discussion of assignments 1, 3, and 4, and for the reasons which we will give below, assignment of error # 5 is without merit.

ASSIGNMENT # 2
In this assignment appellant raises the issue of whether the trial judge was required to instruct the jury that forcible rape is a responsive verdict to the charge of aggravated rape.
It is appellant's argument that at the time of trial, the verdict of forcible rape was a statutorily mandated responsive verdict to the crime of aggravated rape under La.C.Cr.P. art. 814, and therefore the trial court had no discretion to omit the charge of forcible rape from the jury's consideration.
While the crime of forcible rape was at the time of trial and continues to be a legislatively designated responsive verdict to the offense of aggravated rape under La.C.Cr.P. art. 814, appellant's argument that the responsive verdicts under art. 814 are mandatory is contradicted by Louisiana jurisprudence, notably State v. Booker, 385 So.2d 1186 (La.1980) and State v. Dauzat, 392 So.2d 393 (La.1980). Booker and Dauzat discuss the meaning of "responsive" verdicts and which are mandatory. The two cases make a crucial distinction between legislatively provided responsive lesser verdicts as opposed to those "actual" lesser included offenses which contain all the elements found in the greater offense.
When the requested lesser offense contains all the essential elements of the greater offense, the defendant is entitled to have the jury consider that lesser included offense. When, however, an essential element of the lesser crime is lacking in the greater charged offense, both Booker and Dauzat hold that a conviction on a legislatively designated lesser offense which is unsupported by the evidence will be constitutionally infirm.
The test, as laid out in Dauzat, supra, is the following:
Where the definition of the greater crime does not necessarily include all the elements of the lesser, we will have to determine whether there is any evidence to support the conviction for the lesser offense even though it is a legislatively designated responsive verdict.
Dauzat, supra, at 396.
In the case now before us, we are faced with the Dauzat situation: a legislatively responsive verdict of forcible rape wherein all the elements of the lesser crime are not elements of the greater charged offense of aggravated rape.
The state, as evidenced by its response to defendant's Bill of Particulars, prosecuted defendant for aggravated rape under subsection (4) of La.R.S. 14:42; the age of the victim was under 12, therefore she was incapable of consent.
Forcible rape is defined by La.R.S. 14:42.1 as follows:
Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Our review of the testimony in this case reveals no evidence of "force" as contemplated by the above-cited statute.
Appellant argues that the mere action of a full grown man lying on top of an 8 year old girl satisfies the element of force.
The young victim testified that Charles Henry instructed her to get in bed with him and she complied. Then he got on top of her and penetrated her. It is clear from her testimony that she did not even know what was about to happen to her. Under these facts, appellant's argument that the victim's testimony substantiates the use of force which the 8 year old did not resist *1249 because she believed her resistance would not prevent the rape is completely unsupported.
We hold that the trial judge was correct in excluding the charge of forcible rape from the jury's consideration in this prosecution for aggravated rape. Though forcible rape is a legislatively designated responsive verdict to the offense of aggravated rape, it is not a true lesser included offense under R.S. 14:42(4) which is based on an element of lack of consent because of age. Instead Section 42.1 bases lack of consent on forces or threats of physical violence. Thus, all the elements of the lesser offense are not contained in the greater. Accordingly, since no evidence of force as defined in La.R.S. 14:42.1 was presented at trial by either side, forcible rape was not a proper charge under the circumstances of this case.
Were we to hold otherwise, the trial court would be in the anomalous position of being constrained to instruct the jury on a verdict which the evidence did not support, and which, if returned by the jury, would be open to attack on constitutional grounds of insufficiency of evidence and lack of notice.
The correctness of our result is further supported by the recent cases of State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La. 1982) and State v. Dufore, 424 So.2d 256 (La.1982), as well as by a 1982 amendment to La.C.Cr.P. art. 814.
State v. Dufore explains as follows:
Following the Dauzat decision, the Legislature enacted Act 763 of 1982, adding Section C to Article 814. This amendment accords the trial court discretion, upon motion by either side, to refuse to instruct the jury on a responsive verdict, even though the offense is enumerated in Article 814, if the court determines that the evidence is insufficient to support that verdict. As noted above, however, this discretion exists only when the enumerated responsive verdict is not truly a lesser and included grade of the charged offense, and the accused must request the instruction (or object to the deficient instruction given by the court) in order to complain of the instruction on appeal or of the insufficiency of the evidence supporting the responsive verdict returned by the jury. La.C.Cr.P. Art. 841; State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982), decided this date.
State v. Dufore, supra, 258, n 2.
Assignment of Error # 2 is without merit.
For the foregoing reasons, appellant Charles Henry's conviction is affirmed.
AFFIRMED.
NOTES
[1] Black's Law Dictionary 221 (5th ed. 1979).
[2] Black's Law Dictionary 413 (5th ed. 1979).
[3] See La.R.S. 15:438; State v. Shapiro, 431 So.2d 372 (La.) (1982). Recently the holding of the Shapiro case that Louisiana's standard of proof regarding circumstantial evidence is stricter than the federal standard as enunciated in Jackson v. Virginia, has been seriously questioned by the Louisiana Supreme Court in State v. Chism, 436 So.2d 464 (1983) and State v. Sutton, 436 So.2d 471 (1983).