KLEES, Judge.
The defendant Dwight Bartholomew was charged by bill of information with cocaine possession and simple escape. He was arraigned April 11, 1988 and pled not guilty. The escape charge was dismissed on motion by the State. On March 14, 1989, a six member jury found the defendant guilty as charged. The State filed a multiple bill, to which the defendant pled guilty. On April 14, 1989, the trial court sentenced him as a second offender to ten years at hard labor without benefit of probation or suspension of sentence. This appeal follows.
FACTS
Plaquemines Parish Deputy Curtis Bowers testified that on March 14, 1988 at 8:30 p.m., he was on routine patrol when he saw a automobile parked partially on the highway with its parking lights on and its headlights off. The officer circled around and turned on his blue lights. The driver of the car, Eugene Mayo, pulled it onto the shoulder and got out. Bowers called headquarters to check the license plate.
While Bowers waited for a response, Mayo told him he had stopped there to let a friend visit someone. The defendant then appeared, walking down the highway toward the car, and Mayo identified him as the friend.
Headquarters then informed Bowers the car was reported stolen in Alabama. Bowers ordered the two men to place their hands on the car and at that point a third man exited the car from the passenger side. The defendant then took his right hand off the car and reached into his coat pocket. Bowers ordered him to put his hand back on the car. The defendant did so, but refused to open his closed fist. Bowers ordered him to open his fist. The defendant then put. his hand back in his pocket and then back on the car with his fist open. Bowers feared the defendant was in possession of a weapon, such as a razor blade, pocket knife or small caliber gun. Bowers searched him and found a small packet of white powder which Bowers felt was cocaine. Bowers had only one pair of handcuffs on him which he had used to restrain the driver, so he restrained the defendant with “tie raps.”
At that point Deputy Sammy Hynes arrived to help Bowers. The defendant then broke his restraints and fled. After two or three minutes, Bowers found the defendant hiding under a house.
The parties stipulated the white powder tested positive for cocaine.
*1088 Dwight Bartholomew testified he was released from custody in Orleans Parish nine days before his arrest in this case. He had just been convicted of forgery and was given a four year suspended sentence. He said he asked two friends to take him to check on his boats. He said Mayo pulled over near a house where a man who had been taking care of the boats lived. He was at the house when the police arrived and when they did, he walked back to the car. He learned then, for the first time, that the car might have been stolen. He attempted to retrieve his belongings from the back seat when the officer ordered him to place his hands on the car. At that point, the officer looked down and picked up the cocaine which the defendant testified he had not seen prior to that time. He then ran away. He said he learned once he got to jail that Eugene Mayo dropped it when he got out of the car.
Bartholomew testified on cross that the car was not on the highway but was pulled off onto the shoulder as much as possible. He said that the headlights were off because the battery was dead.
EXCESSIVE SENTENCE
The defendant complains his ten year sentence was excessive.
In this case, a review of the sentencing transcript reveals meticulous compliance with art. 894.1. Given this compliance, the court can compare sentences in other cases in determining whether the sentence was excessive.
In State v. Gleason, 533 So.2d 1032 (La.App. 4th Cir.1988), this court found five years not excessive for possession of nineteen ounces of cocaine where the defendant was a first offender.
In State v. Tasker, 448 So.2d 1311 (La.App. 1st Cir.1984), writ den. 450 So.2d 644 (La.1984), the First Circuit found a sentence of five years at hard labor for possession of cocaine to run concurrently with five and seven year sentences for conviction of possession of marijuana with intent to distribute not excessive.
In State v. Reed, 536 So.2d 783 (La.App. 5th Cir.1988), the Fifth Circuit found a sentence of four years at hard labor for possession of cocaine, a sentence at the upper range of the five year maximum, excessive where the defendant had no prior criminal activity, the character of the defendant indicated he was unlikely to commit another crime, and the defendant was likely to respond to probationary treatment.
In this case, although the defendant was found in possession of a small amount of cocaine, he possessed the drug within days after his release on probation for another crime. The judge noted a lengthy criminal record including eleven prior arrests and three prior convictions. The defendant attempted to escape during his arrest in this ease, and his testimony at trial reveals him to be an arrogant person disrespectful of the legal process. He admitted on the stand to being “aggressive.” His sentence as a second offender does not appear excessive under these facts.
PRO SE ASSIGNMENT ONE:
The defendant asks for a review of the record for errors patent. A review reveals that there are none. .
PRO SE ASSIGNMENT TWO
The defendant alleges the trial court erred in denying his motion to suppress the evidence.
In this case, the officer testified he saw a car stopped on the highway, blocking traffic, with its headlights off. These facts alone support a finding that the officer’s duty to secure the public safety required him to investigate. The car was already stopped, and the officer detained no one until he learned the car was stolen. Once he learned the car was stolen, he had reasonable suspicion that the occupants were committing an offense. Although the defendant was not at that time occupying the car, the driver of the car immediately associated the defendant by reporting that he was stopped waiting for the defendant to return. The defendant, upon arriving at the scene, admitted the association. Unlike State v. Joyner, 556 So.2d 1253 (La.1990) the case does not in *1089 volve “a routine traffic infraction.” On the contrary, the arresting officer had evidence the driver, and perhaps his passengers, were in possession of a stolen car, a felony in this state. Under these facts, it appears that the officer had reasonable suspicion to stop the defendant, who had been a recent passenger in the car. Accordingly, the officer was justified in frisking the outer clothing of the men for dangerous weapons. The bounds of such a frisk may not have included a search extensive enough to find a small packet of cocaine. However, before the officer could frisk the defendant, his behavior became more suspicious in that he disobeyed the officer’s order to keep his hands on the car, placed his hand in his pocket, pulled it out with his fist clenched, then upon further order to open his hand, put it back in his pocket and withdrew it open-handed. At that point it appears the officer’s level of suspicion rose to probable cause in that a person of ordinary caution would have believed the defendant had committed or was committing a crime. Once the officer had probable cause to arrest, he was justified in searching him incident thereto. State v. Albert, 553 So.2d 967 (La.App. 4th Cir.1989). The motion therefore was correctly denied.
PRO SE ASSIGNMENT THREE
The defendant complains the trial court gave a “confusing and limited charge.” In particular, he complains the trial court improperly charged the jury that its decision must be based solely on the evidence presented at trial. However, the trial judge clearly instructed the jury that it must consider the evidence or the lack of evidence.
The defendant also complains the trial judge improperly defined reasonable doubt, citing State v. McDaniel, 410 So.2d 754 (La.1982). In McDaniel, the Supreme Court found that the trial court erred in defining reasonable doubt as a doubt that would give rise to “great uncertainty” since “great uneertainity overstates the degree of uneertainity required for a reasonable doubt”. The jury charge in this ease does not contain the offending language found in McDaniel. The judge defined reasonable doubt as “doubt based on reason and common sense and is present when, after you have carefully considered all the evidence, you cannot say that you are firmly convinced of the truth of the charge.” This exact instruction has been upheld by this court as correct. State v. West, 552 So.2d 478 (La.App. 4th Cir.1989).
PRO SE ASSIGNMENT FOUR
The defendant complains the trial court failed to inform him of his right to remain silent before allowing him to plead guilty to the multiple bill.
Before accepting a guilty plea to a multiple bill, a trial court must advise a defendant of his right to a formal hearing on the allegations, his right to have the state prove the allegations, and his right against self-incrimination. State v. Wells, 538 So.2d 1053 (La.App. 4th Cir.1989), writ den. 546 So.2d 1210 (La.1989).
In this case, the trial court did not so advise the defendant. He simply accepted the guilty plea.
Accordingly, defendant Dwight Bartholomew’s conviction is affirmed, the multiple bill plea and sentence are set aside and this matter is remanded for resentencing.
CONVICTION AFFIRMED; MULTIPLE BILL PLEA AND SENTENCE ARE SET ASIDE; REMANDED FOR RESEN-TENCING.