**Thomas Lee WARD**

v.

**John P. WHITLEY, Warden, Louisiana State Penitentiary, Angola, Louisiana.**

**Civ. A. No. 95–1481.**

United States District Court, E.D. Louisiana.

May 14, 1995.

See also, 53 F.3d 106.

Gregory Bialecki, David A. Hoffman, Hill & Barlow, Boston, MA, Kim E. Moore, Montgomery, Barnett, Brown, Read, Hammond & Mintz, Alan H. Katz, Entergy Services, Inc., New Orleans, LA, for plaintiff.

---

## ORDER AND REASONS

JONES, District Judge.

Thomas Lee Ward has filed this Petition for Writ of Habeas Corpus seeking to overturn his conviction of first-degree murder and death sentence. Petitioner also seeks a stay of his execution scheduled for May 16, 1995. Having reviewed the briefs of the parties, the record, and the applicable law, the Court DISMISSES the petition without hearing and DENIES petitioner's motion for stay of execution.

### Background

Ward was convicted in 1984 of first-degree murder of his wife's stepfather, John Spencer. *State v. Ward*, 483 So.2d 578, 580 (La. 1986). The jury found that Ward had a significant criminal history and that he "had knowingly created the risk of death or great bodily harm to more than one person." *Id.* Accordingly, it recommended the death sentence for petitioner. *Id.*

The facts of the crime can be summarized succinctly. After travelling to New Orleans from California, he visited with his children at the residence of his wife's mother and stepfather, where his children and wife were staying. *Id.* at 581. After being allowed to bathe and clean, Ward became upset and left the home. *Id.* He went to a nearby bar, drank vodka and beer and "hit up" with cocaine. *Id.* He returned to his in-laws' residence, asking to see his children one more time. *Id.* After giving his wife his address and phone number in New York, Ward went into the bedroom of his wife's mother and stepfather, pulled a gun, and shot the stepfather fatally. *Id.* Ward also shot the mother numerous times, including a shot in the back as she ran out of the house to escape. *Id.* Ward's wife and her brother heard the shooting and fled the house, seeking help from neighbors. *Id.*

Ward was convicted after a one and one-half day jury trial. *Ward v. Butler*, C.A. No. 89–5036, 1989 WL 145938 at *3 (E.D.La. Nov. 22, 1989) (Arceneaux, J.).

The Louisiana Supreme Court affirmed the conviction, *State v. Ward, supra*, and the U.S. Supreme Court denied Ward's petition for certiorari. *Ward v. Louisiana*, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 168 (1986). Subsequently, Ward filed various post-conviction proceedings in state court,[1] and he also filed two petitions for writs of habeas corpus in this court. *See Ward v. Butler*, C.A. No. 88–4638, 1988 WL 117399 (E.D.La. Oct. 24, 1988) (Arceneaux, J.); *Ward v. Butler*, C.A. No. 89–5036, 1989 WL 145938 (E.D.La. Nov. 22, 1989). Both of those petitions were dismissed. In neither of the previous federal habeas petitions did Ward raise the issue he now raises, *i.e.*, that the jury was given an unconstitutional instruction on reasonable doubt.

On the virtual eve of his execution, Ward has now filed his third petition for issuance of a writ of habeas corpus. Ward attacks the sufficiency of the reasonable doubt instruction given at his trial, arguing that it is constitutionally infirm under *Cage v. Louisiana*, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) (*per curiam*). *See also Sullivan v. Louisiana*, —— U.S. ——, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993).

Ward's argument is as follows. Pursuant to recent decisions in the Fourth and Eleventh Circuits,[2] *Cage* is retroactive under the second exception of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).[3] This view of *Cage's* retroactivity is correct, Ward maintains, irrespective of the Fifth Circuit's decision to the contrary. *See Skelton v. Whitley*, 950 F.2d 1037 (5th Cir.1992). *But see Patterson v. Whitley*, C.A. No. 94–

---

1. "Petition for Writ of Habeas Corpus," R.Doc. 1, pp. 2–4. *See also* "Response to Habeas Corpus Petition File under 28 U.S.C. § 2254," filed by the State of Louisiana, R.Doc. 4, pp. 4–22.

2. *Adams v. Aiken*, 41 F.3d 175 (4th Cir.1994) and *Nutter v. White*, 39 F.3d 1154 (11th Cir.1994).

3. "[A] new rule should be applied retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty." *Id.* at 311, 109 S.Ct. at 1076 (citation and internal quotation marks omitted). "The exception is limited to 'those new procedures without which the likelihood of an accurate conviction is seriously diminished.'" *Adams*, 41 F.3d at 178, quoting *Teague*, 489 U.S. at 313, 109 S.Ct. at 1077.

3472 (E.D.La. April 11, 1995) (Carr, J.) (holding that *Cage* is retroactive following the decisions in *Sullivan, Adams* and *Nutter,* notwithstanding *Skelton* ).

Ward further contends that, because *Cage* is retroactive, the present habeas corpus petition is not an "abuse of the writ." *See* Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts. *See also Kuhlmann v. Wilson,* 477 U.S. 436, 445, n. 6, 106 S.Ct. 2616, 2622, n. 6, 91 L.Ed.2d 364 (1986) (explaining difference between "successive petition" and "abuse of the writ"). Ward argues that there is no "abuse of the writ" because the retroactivity of *Cage* constitutes a "fundamental miscarriage of justice," entitling him to exemption from the "cause and prejudice" standard generally applied to successively filed petitions, relying on *Schlup v. Delo,* —— U.S. ——, ——, 115 S.Ct. 851, 861, 130 L.Ed.2d 808 (1995).[4]

### Law and Application

■ As noted, one judge in this district and two other circuit courts of appeals have found that *Cage* is retroactive, notwithstanding the Fifth Circuit decision in *Skelton.* The Court finds the rationale of the Eleventh Circuit in *Nutter* persuasive on this issue, especially in view of the fact that *Skelton* was decided prior to the Supreme Court's decision in *Sullivan, supra.* As the Eleventh Circuit noted in *Nutter, Sullivan* teaches that "an erroneous reasonable doubt instruction" invalidates the jury verdict, making it impossible to assess the accuracy of the conviction because "[t]here is no object, so to speak, upon which harmless error can operate." *Nutter,* 39 F.3d at 1157. The Court agrees with the Eleventh Circuit that, in light of *Sullivan,* the Fifth Circuit's finding in *Skelton* that a *Cage* error constituted a minor dilution in the accuracy of a conviction cannot survive. *Nutter,* 39 F.3d at 1157, n. 5. *See also Adams v. Aiken,* 965 F.2d 1306 (4th Cir.1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 2966, 125 L.Ed.2d 666 (1993), *cert. granted on reh'g and judgment vacated,* —— U.S. ——, 114 S.Ct. 1365, 128 L.Ed.2d 42 (1994) (remanding the case to the Fourth Circuit for reconsideration in light of *Sullivan* ).

■ Having found that *Cage* is retroactive, in order for Ward's petition to be successful, the Court must also find that *Cage's* retroactivity allows the present case to fall within the "fundamental miscarriage of justice" exception to the "cause and prejudice" standard by which successive petitions are tested for abuse of the writ. *See McCleskey v. Zant,* 499 U.S. 467, 493, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Under the present construction of this exception, however, the Court is unable to make this finding, as seen by *Schlup v. Delo,* —— U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), the Supreme Court's most recent decision on this exception. As *Schlup* recognized, in order to overcome the "cause and prejudice" standard and to fit within the "fundamental miscarriage of justice" exception, a petitioner must assert that he is actually innocent of the crime of which he has been convicted. *Id.* at —— ——, 115 S.Ct. at 860–61. "Explicitly tying the miscarriage of justice exception to innocence thus accommodates both the systemic interests in finality, comity, and conservation of judicial resources, and the overriding individual interest in doing justice in the 'extraordinary case.'" *Id.* at ——, 115 S.Ct. at 864. Thus, *Schlup* instructs that when procedural defaults are raised in conjunction with a claim of actual innocence, a petitioner may be excused from meeting the "cause and prejudice" test.

> Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim. However, if a petitioner such as Schlup presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims.

---

**4.** The Court notes that Ward has specifically raised the "abuse of the writ" issue himself in his petition. The government has raised the issue in its supplemental response. R.Doc. 5.

*Id.* at ——, 115 S.Ct. at 861. *See also Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986) (successive petitions should be entertained "only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence").

■ In the present case, Ward presents no claim of actual or factual innocence. In fact, his constitutional claim does not raise any question as to his guilt or innocence. Nor is there an affidavit to this effect. Thus, pursuant to *Schlup,* he cannot bypass the "cause and prejudice" step and pass through the "gateway" to argue his claim that the jury was unconstitutionally instructed as to reasonable doubt.

■ Therefore, the question is whether Ward can satisfy the "cause and prejudice standard" as to why his claim as to the infirmity of the reasonable doubt instruction was not raised earlier in his first habeas petition filed in this court. The petitioner cannot do so as a matter of law.[5] "Cause" is established if the petitioner shows that "some objective factor external to the defense impeded counsel's efforts" to raise his claim. *McCleskey v. Zant,* 499 U.S. at 493, 111 S.Ct. at 1470. As the Fifth Circuit recently set forth in *James v. Cain,* 50 F.3d 1327 (5th Cir.1995), "a failure to raise a claim in an earlier habeas petition may not be excused for cause 'if the claim was reasonably available' at the time of the earlier petition." *Id.* at 1331. Put another way, the claim "could have been raised" or "could have been developed" in the earlier federal habeas petition. *Delo v. Stokes,* 495 U.S. 320, 320, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990). As in *James,* petitioner's defective instruction claim "had a reasonable basis in existing law and was reasonably available at the time of [Ward's] earlier habeas petitions." *James,*

50 F.3d at 1332. "[I]t is clear that claims of defective 'reasonable doubt' instructions have been percolating in the Louisiana courts at least since 1982," when the Louisiana Supreme Court decided *State v. McDaniel,* 410 So.2d 754 (La.1982). *James,* 50 F.3d at 1333.[6]

Therefore, in view of *James,* the Court finds that Ward cannot satisfy the "cause" prong of the "cause and prejudice" standard. As a result, the petition for writ of habeas corpus will be dismissed.

■ In view of this finding, the Court also declines to stay Ward's execution because there are no "substantial grounds upon which relief might be granted." *Drew v. Scott,* 28 F.3d 460, 462 (5th Cir.1994) (internal quotations omitted). Further, if requested, the Court will not grant a certificate of probable cause because, under present law, Ward cannot make a "substantial showing that he has been denied a federal right." *James,* 50 F.3d at 1330.

■ Finally, the Court pauses to state that, notwithstanding the foregoing, the claim of an inadequate jury instruction in this case seems meritorious but for Ward's failure to raise this issue in his first habeas petition. A review of the instruction given in this case[7] with the instruction invalidated in *Cage* shows them to be virtually identical. Moreover, none of the qualifying language in other reasonable doubt instructions approved following *Cage* appear in the present instruction. *See Victor v. Nebraska,* —— U.S. ——, ——, —— – ——, 114 S.Ct. 1239, 1245–51, 127 L.Ed.2d 583 (1994).

In view of this belief, the Court is gravely troubled that the apparent failure to instruct the jury in accordance with constitutional principles on "reasonable doubt" does not fall

5. For this reason, the Court also finds that petitioner is not entitled to an evidentiary hearing. *McCleskey v. Zant,* 499 U.S. at 493, 111 S.Ct. at 1470.

6. In a memorandum in support of his petition for a writ of habeas corpus (R.Doc. 6), Ward argues that the Louisiana Supreme Court refused to follow *State v. McDaniel,* citing *State ex rel. Taylor v. Whitley,* 606 So.2d 1292, 1298–99 (La. 1992). While the Louisiana Supreme Court in

*Taylor* stated that *McDaniel* was not followed, Ward's contention is inconsistent with the finding of the Fifth Circuit in *James, supra.* As the court of appeals stated: "[T]he defective instruction claim had a reasonable basis in existing law and was reasonably available at the time of James's earlier habeas petitions." *James,* 50 F.3d at 1332.

7. *See* State's response, R.Doc. 2, p. 29, n. 20.

**902**

into the category of a "fundamental miscarriage of justice." The Court makes this statement in view of the reading of prior Supreme Court decisions on the magnitude of the error of an unconstitutional reasonable doubt instruction and on the meaning of "fundamental miscarriage of justice." First, in *Sullivan* the Supreme Court stated that an "instructional error consist[ing] of a misdescription of the burden of proof ... vitiates all the jury's findings." *Sullivan,* —— U.S. at ——, 113 S.Ct. at 2082. Second, in *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575–76, 71 L.Ed.2d 783 (1982), the Supreme Court discussed the fundamental principles of comity and finality but found that on occasion, "in appropriate cases[,] those principles must yield to the imperative of correcting a fundamentally unjust incarceration." The Supreme Court was confident that such fundamental miscarriages of justice would meet the "cause and prejudice" standard. *Id.* at 135, 102 S.Ct. at 1576. As seen here, however, petitioner cannot satisfy this test.

Since *Engle,* as shown, the Supreme Court has decided *Sullivan* and also, as explained in *Schlup,* found a fundamental miscarriage of justice can only be found through a claim of actual or factual innocence. Nevertheless, this Court understands how, taking into account the important principles set forth in *Sullivan,* an erroneous reasonable doubt instruction could be viewed as constituting a "fundamental miscarriage of justice." This view is non-existent under the present definition of that term, however.

Having stated this, however, the Court hastens to add that it is mindful that it is bound by precedent and will enter an order in accord with the foregoing reasons.

Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing and for a stay of execution are DENIED.