367 So.2d 319 (1979)
STATE of Louisiana
v.
John W. WILKERSON.
No. 62678.
Supreme Court of Louisiana.
January 29, 1979.
*320 George M. Papale, Gretna, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Douglas Friederichsen, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-respondent.
SAMUEL, Justice Ad Hoc.
John W. Wilkerson was charged by bill of information with possession of marijuana, a violation of La.R.S. 40:966. Following denial of his motion to suppress the evidence, he pled guilty to the charge, reserving his right to seek appellate review of the denial of the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). Defendant was sentenced to serve six months in the parish prison, but was given credit for time served and the remainder of the sentence was suspended. This Court granted supervisory writs to review the sole assignment of error, the denial of the motion to suppress.
In January of 1978 defendant and his roommate had been employed for two months at the apartment complex in which they resided. They were working as carpenters and general maintenance men for the manager of the complex, and had done some work for the manager's brother. On January 27,1978, the complex manager, Mr. Bohall, received a telephone call informing *321 him of a disturbance at the defendant's apartment. Mr. Bohall walked over to the building and called out to the defendant's roommate. The defendant appeared at the top of the stairway carrying a gun. Upon request, defendant handed the gun over to Mr. Bohall, who found it to be unloaded. Mr. Bohall then left the building to get Jefferson Parish Deputy Sheriff Thomas Smith, who worked during his spare time as a security guard for the apartment complex. Failing to find Deputy Smith at home, the manager returned to the defendant's apartment, where he observed some damage.
Shortly thereafter, for no reason ascertainable from the record, the defendant told Mr. Bohall that his roommate had stolen some things from Mr. Bohall's brother. At this point Mr. Bohall told the defendant to pack his belongings and move them to a vacant apartment. The move was requested because the manager "didn't want him to have a confrontation . . . [when the roommate] arrived at the apartment." The manager's son and the defendant moved the latter's belongings to the new apartment while the manager called the Jefferson Parish Sheriff's Office to see what legal recourse he had against defendant's roommate. No mention of the defendant was made in the conversation with the police, even though deputies (other than the security guard) came to the apartment in response to the manager's call. The manager primarily was interested in obtaining from the deputies information as to whether he could "lock out" defendant's roommate. To this query the deputies responded that it was not a police matter.
About an hour later Deputy Smith, the complex security guard, arrived at the old apartment. From there Deputy Smith and Mr. Bohall went to the apartment where the defendant's belongings had been stored. The defendant was not present, but the two entered the apartment, using the manager's key. Mr. Bohall then turned over the defendant's unloaded pistol to the deputy. Deputy Smith testified he thought this was reason enough to search the defendant's belongings for other possible weapons in the event defendant returned upset and wanted to shoot someone. Smith further testified he asked for and received Mr. Bohall's consent to search the defendant's property. During his search he discovered marijuana in a piece of the defendant's luggage. He called the sheriff's office and this prosecution ensued.
On the ground that Deputy Smith had not been acting in his capacity as a law enforcement official at the time he conducted the search, the trial court denied the motion to suppress the marijuana thus discovered, apparently simultaneously concluding the search as conducted by a private citizen was not a violation of defendant's constitutional rights.
As has been recognized since Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921), the Fourth Amendment of the United States Constitution gives protection only against unlawful governmental action. This Court has yet to decide whether Article I, Section 5 of the Louisiana Constitution of 1974 bans unreasonable searches by private citizens as well as police. See State v. Abram, 353 So.2d 1019 (La.1977); State v. Hutchinson, 349 So.2d 1252 (La.1977). However, it is unnecessary for us to resolve the question at this time, for we find that Thomas Smith was acting in his capacity as a law enforcement officer at the time he conducted the warrantless search. A Louisiana deputy sheriff never truly goes off duty. He remains at all times a member of the law enforcement agency, charged with greater knowledge and responsibility in criminal affairs. Cf. State v. Monroe, 366 So.2d 1345 (La.1978); State v. Schwartz, 354 So.2d 1332 (La.1978).
It is recognized that the state bears the burden of showing a warrantless search was conducted in the presence of exigent circumstances or with a valid consent. State v. Brown, 366 So.2d 550 (La. 1979); State v. Franklin, 353 So.2d 1315 (La.1978). Since Deputy Smith had no reason to believe the defendant had committed any crime, there was no evidence to be seized. Though the defendant has waved a *322 gun around, it had been found to be unloaded and was now in the officer's possession. Even if the deputy believed the defendant had stolen items from Mr. Bohall's brother (as pointed out above, the only information received on this subject was that defendant's roommate had stolen those items), there was no reason to believe they were in the defendant's luggage or, if they were, that the items would be destroyed State v. Hall, 342 So.2d 616 (La.1977) or moved (State v. Williams, 347 So.2d 231 (La.1977)).
Deputy Smith did testify Mr. Bohall had given him consent to search the luggage. But the officer also knew Mr. Bohall had asked the defendant to deposit his goods in the new apartment. Thus, defendant had the right to expect privacy relative to his closed luggage, an expectation recognized under the Fourth Amendment. United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); State v. Abram, supra. For a warrantless search to be justified by consent, such consent must have been given by the defendant or a third party who possessed common authority over, or other sufficient relationship to, the premises or effects sought to be inspected. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); State v. Wagster, 361 So.2d 849 (La.1978). As manager of the apartment complex, Mr. Bohall arguably possessed a degree of authority over the unleased apartment. Mr. Bohall, however, could not have authorized the officer's search of the defendant's luggage.
The state has failed to show any justification for the warrantless search of the defendant's belongings. Accordingly, we reverse the trial court's denial of the motion to suppress. The defendant's plea of guilty is vacated, and the case remanded to the trial court for further proceedings in accordance with law.