512 So.2d 590 (1987)
STATE of Louisiana, Appellee,
v.
Wilbert L. WHITE, Appellant.
No. CR 86-1273.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1987.
*591 Jack F. Owens, Jr., Harrisonburg, Louis Vogt, Jonesville, for appellant.
John F. Johnson, Dist. Atty., Jerry Humble, Asst. Dist. Atty., Harrisonburg, for appellee.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
FORET, Judge.
Defendant, Wilbert White, was charged by bill of information for possession of marijuana with intent to distribute, a violation of La.R.S. 40:966(A). Defendant filed a motion to suppress and that motion was denied on the day of the trial, July 9, 1986. Defendant was found guilty by a twelve-person jury and was subsequently sentenced on September 2, 1986, to five years at hard labor and fined $1,000 plus court costs. Defendant now appeals his conviction and sentence based on the following assignments of error:
(1) The trial court erred in denying defendant's motion to suppress.
(2) The trial court erred in imposing an excessive sentence.

FACTS
On January 21, 1986, at approximately 9:00 p.m., Deputy Roosevelt Savage of the Catahoula Parish Sheriff's Department received a call from a reliable confidential informant (CI) stating that the defendant and two other men were on their way from Jonesville to Oakdale to pick up some marijuana. The CI described to Savage the automobile the subjects were in and informed *592 him that Allen Humphries would be the driver. After receiving the call, Deputy Savage called several police officers for assistance, and they set up a surveillance at the most probable return route from Oakdale to Jonesville. At approximately 11:51 p.m., Deputy Tolar spotted the car, and Deputy Savage then proceeded to tail the vehicle until he recognized the occupants. He stopped the car, and the driver, Allen Humphries, gave consent to search the automobile. A search produced the evidence, a large bag of marijuana.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, defendant argues that the trial court erred in denying his motion to suppress. Defendant alleges that the search of his car was unlawful, despite the fact that the search was conducted pursuant to consent. Defendant cites no statutes or case law in his brief; rather, he asserts that, "This case is an open and blatent attempt by the trial court to restrict the rights granted under the United States Constitution and the Constitution of Louisiana in regard to unreasonable search and seizure to places other than on the roadways and highways."
Defendant argues that the police officers had ample time (3 hours) to obtain a search warrant, but they simply chose not to. Defendant does not contest the issue of probable cause, i.e., defendant indicates that if the police officers had approached a magistrate with their information, they would have obtained a search warrant. Defendant objects to the fact that the officers did not attempt to get a warrant.
The State argues that the information that the officers received did not establish probable cause and thus a search warrant could not be granted. The State claims that probable cause existed to stop the vehicle once the officers independently corroborated the information received from the CI. State v. Guzman, 362 So.2d 744 (La.1978); State v. Cunningham, 412 So.2d 1329 (La.1982).
The trial judge, in denying defendant's motion to suppress, stated that the officers had strong probable cause to stop the vehicle. This Court agrees with the State that the police officers did not initially have enough information to obtain a search warrant. They only received information from a reliable CI that defendant and others had gone to Oakdale to pick up some marijuana. The CI described the automobile accurately. The officers then set up a surveillance at the most probable return route for the suspected vehicle. Once the officers independently corroborated the tip, they stopped the car. Although the officers did not see any drug transaction, the CI accurately described the automobile, several of the occupants, the direction the car would be going in (from Oakdale to Jonesville), and the approximate time.
The case sub judice is on point with State v. Shepherd, 470 So.2d 608 (La.App. 1 Cir. 1985). In Shepherd, the court looked to the fact that the informant predicted that the defendant would leave her home, pick up drugs from her mother's house, and deliver drugs in a certain area. The court held that when the future actions of a suspect are accurately predicted by a confidential informant, and corroborated by the police, there is a reasonable basis to believe the CI's unverified allegation of drug possession is also true.
The record supports that the warrantless search was valid. Deputy Tolar testified at trial that the only reason why he and his fellow officers did not attempt to secure a search warrant was because they believed they did not have enough time. It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well delineated exceptions. When the constitutionality of a warrantless search is at issue at a suppression hearing, the State must bear the burden of affirmatively showing that it was justified under one of the exceptions of the warrant requirement. State v. Tomasetti, 381 So.2d 420 (La. 1980).
One exception to a search warrant requirement is a search conducted pursuant *593 to consent. When the State seeks to rely upon consent to justify the lawfulness of a search, it has the burden of proving that the consent was given freely and voluntarily. State v. Owen, 453 So.2d 1202 (La.1984). The voluntariness of consent is a question of fact to be determined by the trial judge under the facts and circumstances of each case. State v. Havard, 469 So.2d 1200 (La.App. 3 Cir. 1985). These factual determinations are to be given great weight on appellate review.
In the case at bar, the State introduced a consent to search form signed by the driver of the car, Allen Humphries. Several officers testified that the consent was voluntarily given. In fact, Humphries testified that he gave the officers permission to search.
Accordingly, there was no error in the trial judge's denying defendant's motion to suppress, and this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error, defendant argues that his sentence of five years was excessive, and that the judge did not comply with the requirements of La.C.Cr.P. art. 894.1.
Defendant claims that the trial court gave no written reasons for the sentence imposed, and the trial court's oral reasons were merely "lip service" to Art. 894.1. Defendant contends that, because of the small amount of marijuana involved, he should have been considered for suspension or probation in accordance with La.C.Cr.P. art. 893. Defendant, however, does not qualify for suspension or probation since he is a second time felony offender.
Art. 1, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. The maximum penalty for violating La.R.S. 40:966(A) is ten years and a $15,000 fine. Defendant, therefore, was sentenced in the middle range.
The record reveals that the judge followed the requirements of Art. 894.1. He considered mitigating factors such as letters of support from the community asking for leniency for the defendant and that defendant has a wife and family. However, the judge felt the aggravating factors and the seriousness of the offense outweighed the mitigating factors.
Defendant argues in his brief that the judge failed to consider defendant's dependents, i.e., he supports his family. The judge noted, however, that the defendant is not the means of support for his family, and that he has been unemployed since 1985, and prior to that time his employment record was sporatic. The pre-sentence report reveals that defendant's previous felony (aggravated battery) was committed over fifteen years ago in 1971. Defendant pleaded guilty and was given a one-year suspended sentence and placed on probation for three years. Defendant also has a misdemeanor driving offense from 1985.
Defendant argues that the case of State v. Strickland, 486 So.2d 1015 (La.App. 2 Cir.1986), is applicable to his case. In Strickland, the court found defendant's twenty-year sentence excessive considering defendant's age, her dependents, employment record, absence of prior and post criminal activity, the relatively small amount of cocaine involved, and the absence of any evidence that the defendant was or intended to be a large scale drug dealer.
In this case, defendant is currently forty years old, has lived with his common-law wife for fifteen years, and they have six children. The judge, in sentencing defendant, believed that he was a marijuana pusher and because of the ramifications on society, a five-year sentence was warranted. The trial court found that there was a foreseeable undue risk of continued criminal activity during the period of suspended sentence or probation. Information provided during the trial, as well as by the pre-sentence investigation, indicated that the defendant was in fact a local pusher. The trial court also felt that a lesser sentence would deprecate the seriousness of defendant's crime in that the offense was "grievous or serious." We conclude that the trial judge did not abuse his discretion.

*594 DECREE
For the foregoing reasons, defendant's conviction and sentence for possession of marijuana with intent to distribute are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs in the result.