552 So.2d 764 (1989)
STATE of Louisiana
v.
William RAWLS.
No. 88 KA 1639.
Court of Appeal of Louisiana, First Circuit.
November 14, 1989.
William R. Campbell, New Orleans, for the State.
*765 Walter P. Reed, Dist. Atty., Covington, Michael L. Thiel, Hammond, for appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
William Rawls was charged by bill of information with possession with intent to distribute marijuana, a violation of LSA-R.S. 40:966 A. Initially, defendant pled not guilty, but, after the trial court denied his motion to suppress, he changed his plea to guilty with a reservation of his right to appeal. State v. Crosby, 338 So.2d 584 (La.1976). Thereafter, defendant was fully Boykinized and was subsequently sentenced to serve eighteen months at hard labor and to pay a fine of $2,500.00 with an additional year to be served in default thereof.
Defendant's arrest and subsequent conviction arose out of the stop and search of a vehicle in which he was riding. After being pulled over by a state trooper on I-12, defendant and Paul Hutchinson[1] (driver of the vehicle) were questioned. Hutchinson, pursuant to a request by the trooper, signed a consent to search form. Contraband was subsequently found, and defendant and Hutchinson were arrested and transported to Troop L. While at Troop L, defendant made certain spontaneous and inculpatory statements.
Defendant brings this appeal, urging that the trial court erred in denying his motion to suppress physical evidence and inculpatory statements. Defendant argues that the execution of the consent to search form by Hutchinson was not an effective waiver of defendant's Fourth Amendment rights, in that the scope of Hutchinson's authority or control over the vehicle did not give Hutchinson the power to consent to a warrantless search of defendant's personal belongings contained in the trunk of the vehicle. Defendant further asserts that the arrest following the allegedly illegal search was also invalid, therefore, any statements made while he was in custody must also be suppressed.
A warrantless search is unreasonable unless the search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); State v. Tatum, 466 So.2d 29 (La.1985). A consent search is a recognized exception to the warrant requirement. Schneckloth v. Bustamonte, supra; State v. Ludwig, 423 So.2d 1073 (La.1982); State v. Musacchia, 536 So.2d 608 (La.App. 1st Cir.1988). Consent is valid when it is freely given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); Frazier v. Cupp, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969); State v. Bodley, 394 So.2d 584 (La. 1981); State v. Musacchia, supra. When the state seeks to rely upon consent to justify a warrantless search, it has the burden of proving that the consent was freely and voluntarily given. Whether consent was given voluntarily is an issue of fact to be determined by the fact finder in light of the totality of the circumstances. The trier of fact may consider the credibility of the witnesses, as well as the surrounding circumstances, in determining the issue of voluntariness. On appeal, the fact finder's determination is entitled to great weight. State v. Edwards, 434 So.2d 395 (La.1983).
The authority which justifies the third party consent does not rest upon the law of property, with its attendant historical and legal refinements. Rather, it rests on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that others have assumed *766 the risk that one of their number might permit the common area to be searched. United States v. Matlock, supra; State v. Price, 476 So.2d 989 (La.App. 1st Cir.1985). A person's expectation of privacy is severely limited by the joint dominion or authority over the property. State v. Abram, 353 So.2d 1019 (La.1977), cert. denied, 441 U.S. 934, 99 S.Ct. 2058, 60 L.Ed.2d 663 (1979).
At approximately 4:40 p.m. on December 8, 1986, William Rawls, defendant herein, and Paul Hutchinson were in a blue Cadillac traveling eastbound in the left lane of I-12 near mile post 70 in St. Tammany Parish, Louisiana. Hutchinson was driving, and Rawls was in the front passenger seat. As the vehicle passed a trooper radar unit which was parked on the shoulder, the driver swerved into the right lane, where he quickly came upon a large truck. State Trooper Phillip Domiano observed the vehicle's brakelights flash on as it came very close to the truck in front of it. Trooper Domiano proceeded to follow the vehicle and subsequently pulled it over to the shoulder near mile post 71 for following too closely.[2]
Domiano explained that while following the vehicle he noticed it had an Alabama automobile dealer's license plate. After pulling the vehicle over to the shoulder, Domiano asked the driver to exit the vehicle and identify himself. Hutchinson identified himself; however, upon questioning, he replied that he was not a dealer but that he and Rawls had just completed a job in Houston and were on their way home from Texas. Hutchinson told Domiano that the vehicle belonged to the passenger who was identified as William Rawls.
Upon questioning, Rawls replied that he was a dealer and that he did own the vehicle. He further replied that he and Hutchinson had been to Texas in order to purchase some vehicles. With his suspicion aroused due to conflicting statements, Domiano asked for a vehicle registration certificate, whereupon Rawls produced documentation showing that the vehicle belonged to a Charles Foster of Montgomery, Alabama. Defendant had no bill of sale to show that the vehicle was lawfully his. Also, the vehicle had a commercial license plate but was registered in a private individual's name. With his suspicions further aroused and being unable to determine how Hutchinson or defendant came into lawful possession of the vehicle, Domiano filled out a Consent to Search form, explained it, and presented it to Hutchinson, who read and signed it.[3]
Officer Domiano testified that he asked Hutchinson to execute the Consent to Search form because Hutchinson was driving the vehicle. In addition to Hutchinson being in control of the vehicle when it was pulled over, the registration and documentation produced showed that neither individual owned the vehicle. Domiano further stated that he explained the Consent to Search form to Hutchinson and told him that he did not have to consent to the search of the vehicle. Domiano testified that he did not threaten or coerce Hutchinson. Neither Hutchinson nor Rawls asked any questions, nor did they ever indicate that they did not want the vehicle searched. Defendant offered no evidence to controvert Domiano's testimony.
After receiving Hutchinson's consent, Domiano searched the passenger compartment *767 of the vehicle, but found no contraband or weapons. He then searched the trunk and found a large, blue luggage bag. Domiano opened the bag and found two garbage bags. These bags contained approximately sixteen pounds of marijuana. The suspects were advised of their Miranda rights and arrested. While in custody at Troop L headquarters, defendant made a spontaneous statement indicating the approximate weight of the contraband and that he was the owner thereof.
Defendant was a passenger in a vehicle in which neither he nor the driver could show any indicia of ownership. The Consent to Search form clearly stated that Hutchinson, the party in apparent control, gave Domiano the authority to search the vehicle and its contents which were owned or controlled by Hutchinson. Although defendant contends in his brief that the officer had established that the defendant was the owner of the automobile, the vehicle registration certificate showed that the defendant was not the owner of the automobile. Additionally, at no time during the initial investigation which took place at I-12 did defendant assert any ownership or possessory interest in the luggage contained in the trunk of the vehicle, nor did he attempt to limit the scope of or terminate the search consented to by Hutchinson. Also, the fact that defendant owned the luggage bag in the trunk of the vehicle was not established until the defendant made certain inculpatory statements at Troop L headquarters some time after the search of the trunk had been made. The instant case manifests no circumstances that would serve to invoke the exceptions to the general rule on the validity of a third party's consent in that Trooper Domiano made a good faith effort to ascertain the lawful owner of the vehicle before conducting a search thereof.
In his brief, defendant cites the case of State v. Wilkerson, 367 So.2d 319 (La. 1979), for the proposition that Hutchinson did not have the authority to consent to a search of defendant's luggage contained within the trunk of the automobile. However, we find that case to be clearly distinguishable. In Wilkerson, an apartment manager asked an off duty sheriff, who was acting in his capacity as the apartment guard, to search an apartment into which defendant had recently moved his belongings. There was no common authority or mutual use between the landlord and the defendant which would have given the landlord in his own right the authority to permit inspection of the contents of the premises.
In the case sub judice, defendant was occupying a vehicle with another party who consented to the search. An owner of a vehicle has the authority to consent to a search thereof. See State v. Smith, 418 So.2d 515 (La.1982). By analogy, in the absence of any evidence as to ownership, we conclude that the operator of the vehicle, Hutchinson, had the authority to consent to a search thereof. Cf. State v. White, 512 So.2d 590 (La.App. 3rd Cir. 1987).
The consent given was valid and gave Domiano the authority to make the initial search of the vehicle. Further, since Domiano made a good faith effort to determine the lawful owner of the vehicle, and since neither Hutchinson nor defendant objected to the search of the luggage contained within the trunk of the vehicle, we find no error in the trial court's denial of defendant's motion to suppress physical evidence. Also, since the search and subsequent arrest were valid, the trial court's denial of defendant's motion to suppress inculpatory statements is also upheld. See State v. Jones, 386 So.2d 1363 (La.1980); State v. Guidry, 496 So.2d 650 (La.App. 1st Cir.1986), writ denied, 500 So.2d 420 (La. 1987).

CONCLUSION
For the above reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Although both Hutchinson and Rawls were initially charged with violations of LSA-R.S. 40:966 A (possession of marijuana with intent to distribute), Hutchinson's charges were reduced to simple possession of marijuana, a misdemeanor [see LSA-R.S. 40:966(C), (D)(1)], and are not part of this proceeding.
[2] The record also reflects that Hutchinson was issued a traffic citation for a violation of LSA-R.S. 32:81 (following another vehicle more closely than is reasonable).
[3] The Consent to Search form appears in the record and contains the following language:

In order to cooperate in an investigation being conducted by the Louisiana Office of State Police, I, (Paul D. Hutchinson) residing at (307 South 5th St., Florala, AL) do hereby voluntarily authorize (P. Domiano 952) of the Louisiana Office of State Police to search 1972 Cadi. Lic. # A1 D61807 and its contents, which are owned or controlled by me and remove any items the Louisiana Office of State Police deems pertinent to their investigation, providing a receipt is furnished for the removed items. No promise, threat, or coercion of any kind has been made against me by the Louisiana Office of State Police and I have been informed by the above named State Police officer that I may refuse to consent to any search and that I may revoke my consent to search at any time.
SIGNATURE STATE POLICE OFFICERS
(Paul D. Hutchinson) (P. Domiano 952)