613 So.2d 206 (1992)
STATE of Louisiana
v.
Robin AUCOIN.
No. KA 91 1446.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
*207 Doug Moreau, Dist. Atty. by Dan Grady, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Public Defender's Office, Baton Rouge, for defendant/appellant.
Before WATKINS, CRAIN and GONZALES, JJ.
GONZALES, Judge.
The defendant, Robin Aucoin, was charged by bill of information with possession of lysergic acid diethylamide (LSD), a violation of La.R.S. 40:966 C. Initially, she pled not guilty and filed a motion to suppress. After a hearing, the trial court denied the motion. Pursuant to State v. *208 Crosby, 338 So.2d 584 (La.1976), the defendant pled guilty as charged and reserved her right to appeal the trial court's denial of her motion to suppress. The defendant received a sentence of six years at hard labor, with credit for time served. However, the trial court suspended the sentence and placed the defendant on active, supervised probation for two years with several special conditions. On appeal, the defendant urges, as her only assignment of error, that the trial court erred in denying the motion to suppress.
The following facts are derived from the testimony adduced at the motion to suppress hearing. At approximately 2:00 a.m. on June 15, 1990, Baton Rouge City Police Officer Barbara Rushing and other officers were dispatched to the Metro Lounge on Bennington Avenue to assist other officers. Apparently, the police were called to the lounge several times that night because of various disturbances inside the lounge. When Officer Rushing arrived at the lounge, it was closing time, and, the officers were not allowing anyone else to enter. Instead, the police were closing the lounge and clearing the parking lot. Officer Rushing observed the defendant, whom she knew "from prior dealings on other occasions." Officer Rushing informed the defendant that the lounge was being closed and that the defendant could not reenter the lounge; she asked the defendant to leave the parking lot. However, approximately thirty minutes later, the defendant was still in the parking lot leaning into a truck and talking to another person. Officer Rushing and at least two other officers began walking toward the defendant, who observed them and began walking away from the truck and toward a group of her friends. As the officers approached, the defendant threw two items to a friend standing nearby. Officer Rushing detained the defendant, intending to issue a misdemeanor summons for remaining on the premises after being forbidden. Another officer, Kenneth Stelly, walked over to the defendant's friend and obtained the items thrown by the defendant. These items were the defendant's wallet and keys. Officer Stelly then walked back to the area where the defendant and Officer Rushing were standing. When Officer Rushing asked the defendant for her identification, she replied that it was inside her wallet. After this response, Officer Stelly, who was holding the defendant's wallet, opened it and removed the defendant's driver's license. As he did so, several little tinfoil packets fell out of the wallet, and others were visible through the clear plastic compartment from which the license had been removed. Suspecting (correctly) that these tinfoil packets contained drugs, the officers seized them and placed the defendant under arrest. At the police station, the defendant admitted that the tinfoil packets contained LSD, which she referred to as "blue thunder." The defendant explained that she had originally obtained more than the five tinfoil packets seized by the officers, but she had sold the rest. Subsequent tests at the State Police Crime Lab indicated that the paper inside the tinfoil packets contained LSD.

ASSIGNMENT OF ERROR
In her only assignment of error, the defendant contends that the trial court erred in denying the motion to suppress.
It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable, subject only to a few specifically established and well delineated exceptions. State v. Hubbard, 506 So.2d 839, 841 (La.App. 1st Cir.1987). Obviously, the police officers did not possess a search warrant for the defendant's wallet. However, a consent search is a recognized exception to the warrant requirement. State v. Musacchia, 536 So.2d 608, 610-611 (La.App. 1st Cir. 1988). Consent is valid when it is freely and voluntarily given by a person who possesses common authority or other sufficient relationship to the premises or effects sought to be inspected. State v. Musacchia, 536 So.2d at 611. When the State seeks to rely upon consent to justify a warrantless search, it has the burden of proving that the consent was freely and voluntarily given. Whether or not consent was voluntarily given is an issue of fact to *209 be determined by the fact finder in light of the totality of the circumstances. The trier of fact may consider the credibility of the witnesses, as well as the surrounding circumstances, in determining the issue of voluntariness. State v. Rawls, 552 So.2d 764, 765 (La.App. 1st Cir.1989).
There are three issues presented herein. First, did Officer Stelly seize the defendant's wallet? Second, did Officer Stelly conduct a search by opening the defendant's wallet and retrieving the driver's license and, if there was a search, was it reasonable under the circumstances? Finally, did Officer Stelly's search of the wallet go beyond that necessary to retrieve the driver's license? Because the last issue is easily resolved, we address it first.
When reviewing a trial court's ruling on a motion to suppress based upon findings of fact, great weight is placed upon its determination, because the trial court had the opportunity to observe the witnesses and weigh the relative credibility of their testimony. State v. Carr, 530 So.2d 579, 589 (La.App. 1st Cir.), writ denied, 533 So.2d 354 (La.1988), cert. denied, 489 U.S. 1098, 109 S.Ct. 1573, 103 L.Ed.2d 939 (1989). In her brief to this Court, the defendant characterized Officer Stelly's search of the wallet as "a subterfuge to search for drugs." According to the defendant's testimony at the motion to suppress hearing, after Officer Stelly initially removed the defendant's driver's license from her wallet, he kept removing other items until he discovered the tinfoil packets containing LSD. However, this testimony conflicted with the testimony given by Officer Rushing, who indicated that Officer Stelly discovered the tinfoil packets contemporaneously with his removal of the driver's license. Obviously, the trial court accepted the testimony of the State's witness on this point and rejected the defendant's testimony. Since it is apparent that some of the tinfoil packets were visible through the plastic compartment from which the driver's license had been removed, it is obvious that some of the tinfoil packets were positioned underneath the driver's license and were immediately visible when Officer Stelly removed the license. This issue has no merit.
We now briefly consider the first issue presented herein. In its brief to this Court, the State contends that no seizure took place. Instead, Officer Stelly merely walked over to the defendant's friend, requested the wallet and keys, and the friend voluntarily gave these items to Officer Stelly. The defendant contends that she did not abandon her wallet when she threw it to her friend. We agree, although it is arguable that her expectation of privacy in the wallet was diminished to some extent when she gave the possession and control of the wallet to another person. The defendant also contends that Officer Stelly improperly seized the wallet from the defendant's friend. From the record before us, it would be difficult, if not impossible, to determine whether the defendant's friend voluntarily gave the defendant's wallet and keys to Officer Stelly or she surrendered them because of a command and/or a show of authority by the officer. As noted above, only Officer Rushing and the defendant testified at the motion to suppress hearing; no other testimony or evidence was introduced. In our view, if a decision on this issue was necessary, we would be inclined to remand this matter to the trial court for a reopened hearing on the motion to suppress, wherein additional evidence on the issue (including, perhaps, the testimony of Officer Stelly, or the defendant's friend, or both) could be presented. However, because we find merit in the second issue herein which requires the reversal of the trial court's ruling denying the motion to suppress, we need not and do not give further consideration to the first issue of whether a seizure of the wallet occurred.
We conclude that, regardless of whether or not Officer Stelly seized the defendant's wallet, his opening of her wallet, albeit for the limited purpose of securing her driver's license or some other form of identification, constituted a search. Furthermore, under the circumstances presented herein, we find that this search was unreasonable and, therefore, warranted granting of the motion to suppress. Initially, contrary to the State's argument, we find that this search cannot be upheld as a search pursuant to consent. In its brief, *210 the State concludes that the defendant's reply to a question by Officer Rushing constituted her "implicit consent." Specifically, when Officer Rushing asked the defendant for her identification, the defendant responded to the question by stating that it was in her wallet. Because Officer Stelly was holding the wallet at the time the defendant responded to this question, the State concludes that the defendant's response "carried with it her implicit consent to Officer Stelly's retrieving the identification from the wallet." We disagree. The defendant gave a direct response to Officer Rushing's question. However, her response did not give any indication (direct or implied) that she wished Officer Stelly to open her wallet and remove her identification. The reasonable and appropriate conduct in this situation would have been for the officers to return the defendant's wallet to her and request that she remove her identification and give it to them.
Clearly, the search of the defendant's wallet cannot be characterized as a protective search for weapons. Furthermore, the search cannot be upheld as a search incident to a lawful arrest. The officers approached and "detained" the defendant because she had refused to leave the premises after being ordered to leave by Officer Rushing. See La.R.S. 14:63.3. Apparently, Officer Rushing did not intend to effect a full custody arrest of the defendant; instead, she intended to issue a misdemeanor summons. See La.C.Cr.P. arts. 208 and 211. This conclusion is supported by Officer Rushing's reference to the fact that she "detained" the defendant and by the following excerpt from her testimony on cross-examination: "We needed that [identification] if we're going to write up somethingthe person has to have some sort of identificationpicture ID."[1] Likewise, the doctrine of inevitable discovery (which was advanced by the prosecutor during his argument at the conclusion of the motion to suppress hearing) is inapplicable, because it cannot be argued that the LSD would have been discovered during routine booking procedures if the officers did not intend to take the defendant into custody. Cf. State v. Harris, 510 So.2d 439, 445 (La.App. 1st Cir.), writ denied, 516 So.2d 129 (La.1987).
Considering the above, we conclude that, under the particular facts presented herein, the opening of the defendant's wallet and removal of her license constituted an unreasonable search, and, therefore, the trial court erred in denying the defendant's motion to suppress. Accordingly, the defendant's conviction and sentence are vacated, the trial court's ruling on the motion to suppress is reversed, and this case is remanded to the trial court with instructions to enter an order granting the motion to suppress.
CONVICTION AND SENTENCE VACATED, RULING ON THE MOTION TO SUPPRESS REVERSED, AND REMANDED WITH INSTRUCTIONS.
CRAIN, J., dissents.
NOTES
[1] The trial court also concluded that Officer Rushing intended to issue a misdemeanor summons.