STATE OF LOUISIANA
v.
JACK LAGARDE.
No. 2009 KA 1306.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication.
CAMILLE A. MORVANT, District Attorney, MARTIN J. CAILLOUET, PETER J. ROUSSE, Assistant District Attorney, Counsel for Appellee State of Louisiana.
LARRY P. BOUDREAUX, Counsel for Defendant/Appellant Jack Lagarde.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
GUIDRY, J.
The defendant, Jack Lagarde, was charged by bill of information with one count of possession of methamphetamine, a violation of La. R.S. 40:967(C), and pled not guilty.[1] He moved to suppress evidence, but, following a hearing, the motion was denied. Thereafter, he withdrew his former plea and pled guilty pursuant to State v. Crosby, 338 So.2d 584 (La. 1976), reserving his right to challenge the ruling on the motion to suppress. Pursuant to a plea agreement, he was sentenced to five years at hard labor, suspended, three years of probation, and a $2,000 fine. He now appeals, contending that the trial court erred in denying the motion to suppress. For the following reasons, we affirm the conviction and sentence.

FACTS
On August 17, 2006, at approximately 9:00 p.m., a reliable confidential informant (CI) advised Lafourche Parish Sheriff's Office Detective Sergeant Paul Lagraize that Travis Bourgeois had recently received a shipment of nine ounces of methamphetamine. The CI indicated he could purchase some of the methamphetamine from Bourgeois. According to the CI, Bourgeois drove a white pickup truck. Thereafter, in a recorded telephone conversation, the CI asked Bourgeois, "All right. You want to come off a gram?" Bourgeois asked for the CI's location and then stated "I'll call you in a little bit when I get on the road."
Detective Lagraize and Detective Rodrigue placed Bourgeois's house, which was under construction at 312 Cascade Drive in Chackbay, under surveillance. At approximately 9:35 p.m., Bourgeois drove up in a white pickup truck. At approximately 9:40 p.m., the defendant drove up in a green pickup truck. The CI called Bourgeois again, and Bourgeois responded, "Don't worry about it tonight. Go home to your family." Thereafter, the defendant drove away from Bourgeois's house. Due to Bourgeois's response, Detective Lagraize believed that the surveillance may have been compromised and instructed Detective Crochet to follow the defendant's car. Detective Crotchet noticed that the defendant's car had improper illumination of its license plate. He also observed the defendant driving on the shoulder of the road. Detective Crotchet was in an unmarked police vehicle, and thus, asked Officer Simoneaux to assist him in pulling over the defendant for the traffic violations. According to Detective Crotchet, after he asked the defendant for his driver's license, the defendant removed the license from his wallet and threw the wallet onto the back of his truck. Detective Crotchet immediately observed a portion of a plastic baggie sticking out of the billfold section of the wallet, and upon closer inspection, saw suspected crystal methamphetamine. He advised the defendant of his Miranda[2] rights. According to Detective Crotchet, he then asked the defendant for, and was granted, consent to search the vehicle. Detective Crotchet retrieved the crystal methamphetamine from the defendant's wallet and arrested him. According to Detective Lagraize, when he subsequently questioned the defendant at the police department, the defendant indicated he had purchased the methamphetamine from Bourgeois.
Approximately five minutes after the defendant drove away from Bourgeois's house, Bourgeois also drove away. Thereafter, Detective Lagraize learned that methamphetamine had been discovered on the defendant, and conducted a traffic stop of Bourgeois's vehicle. Detective Lagraize detected a burnt odor of marijuana coming from Bourgeois's vehicle and asked for consent to search the vehicle. Bourgeois refused to consent to a search of his vehicle. A canine was brought to the scene and alerted to the presence of narcotics in the vehicle. A subsequent search of the vehicle revealed the presence of marijuana, drug packaging paraphernalia, a scale, and a handgun. After obtaining a search warrant, the police discovered four and one-half ounces of methamphetamine and bank records in an outboard engine on Bourgeois's property.
The defendant testified at the hearing on the motion to suppress. He conceded he had a previous conviction for possession of stolen things. In regard to the instant offense, he claimed he went to Bourgeois's house to pick up a check from Bourgeois for concrete and sheetrock work he had done at the house. He denied throwing his wallet onto the back of his truck, and claimed he returned the wallet to his pocket after producing his driver's license for the police. However, he subsequently indicated he put his wallet on the truck after being patted down for weapons. He denied consenting to a search of his vehicle. He conceded he had crystal methamphetamine in a baggie in his wallet, but denied stating he had purchased the methamphetamine from Bourgeois.

MOTION TO SUPPRESS
In his sole assignment of error, the defendant argues that the trial court erred in failing to grant the motion to suppress the methamphetamine because his wallet was unlawfully searched and seized.
The Fourth Amendment to the United States Constitution and article I, § 5 of the Louisiana Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibited. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the State to affirmatively show it was justified under one of the narrow exceptions to the rule requiring a search warrant. La. C.Cr.P. art. 703(D). A trial court's ruling on a motion to suppress the evidence is entitled to great weight, because the trial court had the opportunity to observe the witnesses and weigh the credibility of their testimony. A search conducted pursuant to consent is an exception to the requirements of both a warrant and probable cause. State v. Young, 06-0234, pp. 5-6 (La. App. 1st Cir. 9/15/06), 943 So. 2d 1118, 1122, writ denied, 06-2488 (La. 5/4/07), 956 So. 2d 606.
Prior to the guilty plea, the defense moved to suppress all evidence seized as the result of the search and seizure of the defendant's vehicle, arguing that the vehicle and wallet had been searched without probable cause. At the hearing on the motion, the defense argued that Detective Lagraize should have instructed Detective Crotchet to stop the defendant's vehicle only if there was probable cause for the stop. The defense also argued that Detective Crotchet's search of the defendant's wallet was illegal because Detective Crotchet was not searching for weapons. The State argued that the defendant's testimony was self-serving and his credibility was questionable because he had a prior conviction and because he had admitted possessing crystal methamphetamine. The court denied the motion to suppress.
There was no abuse of discretion in the denial of the motion to suppress. Detective Crotchet and the defendant gave conflicting testimony on the issues of whether or not the defendant threw his wallet onto his truck and whether he thereafter consented to a search of his vehicle. After observing the witnesses and weighing their credibility, the court credited the testimony of Detective Crotchet and rejected the testimony of the defendant. There is no basis in the record to overturn that credibility determination. According to Detective Crotchet, the defendant's wallet was on the back of his truck and was searched pursuant to the defendant's consent to search the vehicle.
The defendant argues that this case should be decided similarly to State v. Aucoin, 613 So. 2d 206 (La. App. 1st Cir. 1992). Aucoin involved a Crosby appeal from a guilty plea to possession of LSD following the denial of a motion to suppress. Aucoin, 613 So. 2d at 207-08. Baton Rouge City Police Officer Barbara Rushing had been dispatched to the Metro Lounge to assist other officers. Officer Rushing informed Aucoin, whom she knew "from prior dealings on other occasions[,]" that the lounge was being closed and asked her to leave the parking lot. Aucoin, 613 So. 2d at 208. Approximately thirty minutes later, however, Officer Rushing saw Aucoin leaning into a truck in the parking lot and talking to its occupant. Upon seeing Officer Rushing and other police officers approaching, Aucoin began walking away from the truck and toward a group of her friends. Aucoin then threw her wallet and keys to a friend, and Officer Kenneth Stelly recovered the items. Officer Rushing detained Aucoin to issue a misdemeanor summons for remaining after being forbidden. Officer Rushing asked Aucoin for her identification, and she stated it was inside her wallet. In response to Aucoin's statement, Officer Stelly opened her wallet and removed her license. As he did so, several tinfoil packets fell from the wallet and several other tinfoil packets became visible through the clear plastic compartment which had contained the license. The officers seized the tinfoil packets as containing suspected drugs and arrested Aucoin. She subsequently admitted that the packets contained LSD, and indicated that she had had other packets of LSD, but had sold them before being apprehended. Aucoin, 613 So. 2d at 208.
In Aucoin, we found that the opening of the wallet, even for the limited purpose of securing Aucoin's driver's license, was a search, and the search could not be upheld as a consent search because Aucoin's response that her identification was in her wallet did not indicate that she wanted the police to open the wallet and remove the identification. Aucoin, 613 So. 2d at 209-10.
Aucoin, however, is distinguishable from the instant case. In this case, there was no ambiguity in the consent to search given by the defendant.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Travis Bourgeois was also arrested in connection with the incident involving the defendant. Bourgeois was charged by a separate bill of information with possession of methamphetamine and illegal carrying of a weapon while in possession of a controlled dangerous substance. See State v. Bourgeois, 09-0006 (La. App. 1st Cir. 6/12/09), 11 So.3d 1244, (Table.)
[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).